STATE OF NORTH CAROLINA v. RANDY DEAN CURTIS

No. 8425SC523

(Filed 5 March 1985)

1. **Automobiles and Other Vehicles § 3.1— driving while license revoked—stipulation—sufficiency to show revocation and notice**

    Defendant's stipulation that "this is a certified and sealed record from the N. C. Division of Motor Vehicles, and . . . that there was a permanent revocation effective November 24, 1982; and that it also shows a mail date of suspension January 17, 1983" constituted sufficient evidence of both revocation and *notice of revocation to support defendant's* conviction of driving while his license was revoked. G.S. 20-28(b); G.S. 20-48.

2. **Automobiles and Other Vehicles § 3.5— driving while license revoked—jury argument—rebuttable presumption of receipt of notice of revocation**

    In a prosecution of defendant for driving while his license was revoked, the trial court did not err in permitting the prosecutor to argue to the jury that the State's evidence of the mailing of the revocation of defendant's license created a presumption that the notice was received by defendant and that there was no evidence to the contrary.

APPEAL by defendant from *Howell, Judge.* Judgment entered 26 January 1984 in Superior Court, CALDWELL County. Heard in the Court of Appeals on 6 February 1985.

*Attorney General Rufus L. Edmisten by Assistant Attorney General David E. Broome, Jr., for the State.*

*Appellate Defender Adam Stein by Assistant Appellate Defender Robin E. Hudson for defendant appellant.*

COZORT, Judge.

The defendant was convicted of (1) operating a motor vehicle on a public highway while his operator's license was permanently revoked and (2) exceeding the posted speed limit. He does not challenge his conviction of the latter. As to the former, he raises several issues on appeal, most of which relate to the sufficiency of a stipulation about the defendant's driving record. The defendant contends that the following stipulation was insufficient evidence of revocation and notice of revocation to support his conviction: "[W]e will stipulate that this is a certified and sealed record from the N. C. Division of Motor Vehicles, and . . . that there was a permanent revocation effective November 24, 1982; and that it also shows a mail date of suspension January 17, 1983." We disagree with the defendant and hold that the defendant's trial was free of prejudicial error.

Officer Gary Clark of the Lenoir Police Department was the sole witness at trial. He testified that on 29 June 1983, he observed the defendant driving a burgundy Toyota on Dellwood Drive, a public street in Lenoir. Officer Clark requested and received from the North Carolina Division of Motor Vehicles (DMV) a certified copy of the driving record of the defendant which showed that the defendant's license was permanently revoked on 24 November 1982, with the suspension letter being mailed on 17 January 1983.

Prior to Officer Clark taking the stand, the defendant's attorney stated to the court: "I anticipate the State will be attempting to introduce into evidence a master check. I will move to resist except . . . that which shows his license was in revocation. The rest of it I contend was inadmissible." When Officer Clark testified that the suspension letter was mailed 17 January 1983, the following transpired:

Q. MR. MCKINNEY [State's attorney]: I understand the defendant will stipulate that the record so reflects that, is that correct?

MR. LACKEY [Defendant's attorney]: Your Honor, we will stipulate that this is a certified and sealed record from the N. C. Division of Motor Vehicles, and we will further stipulate that that record reflects that the defendant's license was suspended — excuse me — that there was a permanent revocation effective November 24, 1982; and that it also shows a mail date of suspension January 17, 1983.

THE COURT: Let the record show that.

Q. Officer, do the records reflect at anytime that the defendant's driving privileges had been reinstated?

A. No, sir.

MR. MCKINNEY: Your Honor, we move to introduce the record for that purpose to show the drivers license was permanently revoked.

THE COURT: Let the record show that that portion of the record is admitted.

The defendant contends that his conviction should be reversed for the following reasons: (1) the defendant's stipulation was not specific enough to show knowledge of the revocation; (2) the defendant's use of the words "mail date of suspension January 17, 1983" was not sufficient evidence that the revocation was mailed to the defendant in accordance with G.S. 20-48; (3) the DMV record was introduced only for the purpose of showing revocation and not that the defendant had received notice of the revocation; (4) the State improperly argued to the jury that defendant had the burden of rebutting the presumption of receipt arising from the evidence of mailing; and (5) the trial court committed prejudicial error by instructing the jury that the revocation had been "mailed to him."

The defendant was convicted of G.S. 20-28(b) which requires that the State prove beyond a reasonable doubt: "(1) the operation of a motor vehicle by a person (2) on a public highway (3) while his operator's license is suspended or revoked . . . . For purposes of a *conviction* for driving while license is suspended or revoked,

mailing of the notice under G.S. 20-48 raises only a prima facie presumption that defendant received the notice and thereby acquired knowledge of the suspension or revocation. [Citations omitted.] Thus, defendant is not by this statute denied the right to rebut this presumption." *State v. Atwood,* 290 N.C. 266, 271, 225 S.E. 2d 543, 545-46 (1976). The State satisfies its burden of proof of a G.S. 20-28 violation when, "nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48 because of the presumption that he received notice and had such knowledge." *State v. Chester,* 30 N.C. App. 224, 227, 226 S.E. 2d 524, 526 (1976). G.S. 20-48(a) provides that "notice shall be given either by personal delivery thereof to the person to be so notified, or by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the Division. The giving of notice by mail is complete upon the expiration of four days after such deposit of such notice."

The 17 January 1983 letter of notice of revocation began with this language: "Effective 12:01 A.M. November 24, 1982 your North Carolina driving privilege is permanently revoked for a third, or subsequent, conviction of driving under the influence of alcoholic beverages or drugs—G.S. 20-17(2) and 20-19(e)." The letter is addressed to Randy D. Curtis at 604 Broadway St. SW in Lenoir. That is the same address which appears on the 29 June 1983 citation charging the defendant with the offense in question here. The letter was properly certified and sealed.

We hold initially that the 17 January 1983 notice of revocation would have met the requirements of G.S. 20-48 if it had been introduced in its entirety. We now consider whether the stipulation below should be accorded the same conclusion.

[1]  The defendant contends that the stipulation was not specific enough to properly authenticate the necessary underlying facts. He cites *State v. Powell,* 254 N.C. 231, 235, 118 S.E. 2d 617, 620 (1961), where the Supreme Court stated: "An unilateral statement by the solicitor may not be considered as evidence. Silence will not be construed as assent thereto unless the solicitor specifies that assent has been given. The court inadvertently fell into error by not insisting upon a full, complete, definite and solemn admission and stipulation." This case is distinguishable from *Powell.*

Here the defendant, rather than remaining silent, stipulated that "there was a permanent revocation" and a "mail date." After the judge's charge to the jury, the defendant attempted to clarify his stipulation by stating: "I would request that the record reflect I did in no way stipulate—requested to clarify the instruction that I did not stipulate to the truth or accuracy of the record but *just that that is just what the record shows.*" (Emphasis added.) We hold that, in spite of his later efforts to retreat from his stipulation, the defendant's stipulation was sufficiently definite and specific to meet the requirements of G.S. 20-48. Therefore, we hold the use of the words "mail date" in the stipulation was sufficient evidence that the revocation was mailed to the defendant in accordance with G.S. 20-48. And, we reject the defendant's contention that the records were received by the judge to show revocation only and could not be considered as evidence of the mailing of the notice of the revocation.

[2]   We next consider the defendant's contention that the trial court erred by allowing the State to argue to the jury over defendant's objection that the defendant had the burden of rebutting the presumption of receipt arising from the evidence of mailing. We find no merit in that argument. The State's evidence of the mailing of the notice of revocation, received in the form of the stipulation by the defendant, raises a presumption that the defendant received the notice, a presumption the defendant has the right to rebut. *See State v. Atwood, supra.* In other words, after the defendant stipulated to the DMV revocation and date of mailing, he was free to offer evidence that he never received the notice and had no knowledge of the revocation. He elected to present no evidence. It was not error for the trial court to allow the State to inform the jury that the evidence created a presumption that the notice was received and that there was no evidence to the contrary. The State's comments did not amount to the State telling the jury the defendant had the burden of proof, as the defendant has argued in his brief. Nor was it an improper comment on the defendant's failure to testify. The jury was still free to find that the defendant did not receive the notice. The court properly instructed the jury that "[p]roof beyond a reasonable doubt that the State complied with these 3 requirements of notice permits but does not compel you to find that the defendant received the notice and thereby acquired knowledge of his perma-

nent revocation." The defendant's assignment of error is over-ruled.

The defendant's final assignment of error is that the court erred by substantially misstating the facts during its instructions to the jury by stating that the notice of the revocation "had been mailed" to the defendant. We have held that the defendant's stipulation to the "mail date of suspension" put into evidence the mailing of the notice of revocation to the defendant. Thus the judge's statement that the notice "had been mailed" was a proper summary of the evidence. There was no error in the judge's instructions.

All of the defendant's assignments of error have been reviewed and we find no error.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.