STATE OF NORTH CAROLINA v. JOSEPH BEVERLY RICHARDSON

No. 8919SC102

(Filed 7 November 1989)

**1. Automobiles and Other Vehicles § 3.4 (NCI3d)— driving while licensed revoked—notice to defendant—insufficiency of evidence**

    The evidence was insufficient to convict defendant under N.C.G.S. § 20-28(a) of driving while his license was revoked where the State offered no evidence that defendant was notified that his license was revoked.

**Am Jur 2d, Automobiles and Highway Traffic § 148.**

**2. Automobiles and Other Vehicles § 110 (NCI3d)— felony death by vehicle—lesser offense of driving while impaired—sentence for both improper**

    It is error to sentence a defendant both for felony death by vehicle and the lesser included offense of driving while impaired. N.C.G.S. § 20-141.4(a1).

**Am Jur 2d, Automobiles and Highway Traffic §§ 310, 330, 339, 344.**

APPEAL by defendant from judgment of *Judge Carlton E. Fellers* entered 2 August 1988 in RANDOLPH County Superior Court. Heard in the Court of Appeals 31 August 1989.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Linda Anne Morris, for the State.*

*Appellate Defender Malcolm Ray Hunter, by Assistant Appellate Defender Teresa A. McHugh, for defendant appellant.*

COZORT, Judge.

Defendant was charged with and convicted of driving while impaired, felony death by vehicle, and driving while his license was revoked; he was sentenced to a total of six years in prison. On appeal, the defendant contends that there was insufficient evidence to convict him of the last charge. We agree.

The State offered evidence tending to show that, on 2 August 1987, defendant Joseph Richardson had been drinking heavily. The evidence included the defendant's admission that, during the morn-

ing of 2 August 1987, he and a friend, Billy Lichtenberg "drank two beers apiece and some Canadian Mist. [Lichtenberg] had some Ever-Clear and we drank some of this" and by mid-afternoon "we were pretty drunk. Everything was fuzzy." At approximately 3:40 in the afternoon, with the defendant driving, he and Lichtenberg left the Millboro Trailer Park in a 1980 Ford pickup truck.

The State's evidence also tended to show that the defendant was at the wheel a short time later when that truck flipped end-over-end as the driver attempted to pass other vehicles on U.S. Highway 64 between Asheboro and Ramseur. Lichtenberg was severely injured in the accident and died en route to the hospital.

Without objection from the defendant, Sergeant Billy Ray McLeod testified at trial that the defendant's driver's license had been revoked prior to the accident. On that issue the State presented no other evidence.

The defendant offered no evidence.

On appeal the defendant raises two issues: (1) whether the evidence was sufficient to convict him of driving while his license was revoked and (2) whether, on that charge, defendant was denied effective assistance of counsel.

We note first that a "defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit, at trial." Rule 10(b)(3), N.C. Rules App. Proc. However, we suspend that requirement to prevent manifest injustice to the defendant. Rule 2, N.C. Rules App. Proc.

[1] To convict a defendant under N.C. Gen. Stat. § 20-28(a) of driving while his license is revoked the State must prove beyond a reasonable doubt (1) the defendant's operation of a motor vehicle (2) on a public highway (3) while his operator's license is revoked. *State v. Atwood*, 290 N.C. 266, 271, 225 S.E.2d 543, 545 (1976). The State must also prove that the defendant had "actual or constructive knowledge of the . . . revocation in order for there to be a conviction under this statute." *Id.* With regard to notice, the "State satisfies its burden of proof of a G.S. 20-28 violation when, 'nothing else appearing, it has offered evidence of compliance with the notice requirements of G.S. 20-48 . . . .' " *State v. Curtis*, 73 N.C. App. 248, 251, 326 S.E.2d 90, 92 (1985) (quoting *State v. Chester*, 30 N.C. App. 224, 227, 226 S.E.2d 524, 526 (1976) ).

STATE v. RICHARDSON

[96 N.C. App. 270 (1989)]

In the case below the State offered no evidence that defendant was notified that his license was revoked. The defendant's plea of not guilty required the State to prove beyond a reasonable doubt every element of the offense charged. The State failed to do so. As the State forthrightly conceded in its brief, "the insufficiency of the evidence rises to a fundamental error in the conviction for driving while license revoked. The conviction for that charge should be reversed." In view of our holding on this issue, we need not reach the question of effective assistance of counsel.

[2] Although it was not raised by the defendant, we take note, pursuant to Rule 2 of the Rules of Appellate Procedure, of the State's contention that a separate sentence for the defendant's conviction of driving while impaired was improper. Under N.C. Gen. Stat. § 20-141.4(a1), driving while impaired is a lesser included offense of felony death by vehicle. Upon conviction of felony death by vehicle the lesser offense merges into the greater. Thus, it is error to sentence a defendant both for felony death by vehicle and the lesser included offense of driving while impaired.

Felony death by vehicle is a Class I felony, punishable by a maximum sentence of imprisonment for five years and a presumptive sentence of imprisonment for two years. N.C. Gen. Stat. §§ 20-141.4(b), 14-1.1(a)(9), 15A-1340.4(f)(7) (1988). In the case below the defendant received a four-year sentence for felony death by vehicle and a consecutive two-year sentence for driving while impaired. The total sentence exceeded the maximum allowed by law for felony death by vehicle. Upon remand the trial court may consider mitigating and aggravating factors applicable to the felony death by vehicle conviction.

The defendant's conviction of driving while license revoked is reversed. The sentence for driving while impaired is vacated, and the trial court's judgment as to felony death by vehicle is remanded for resentencing.

Remanded for judgment.

Judges ARNOLD and BECTON concur.