STATE OF NORTH CAROLINA v. THOMAS NOLEN MULLICAN

No. 379A89

(Filed 14 August 1991)

**Criminal Law § 1095 (NCI4th) — aggravating factor — evidence — statement by prosecutor — stipulation**

There was no error in sentencing defendant for attempted first degree sexual offense as a part of a plea bargain where the prosecutor summarized the State's evidence. The prosecutor's statement that he would summarize the State's evidence with the permission of the defendant was an invitation to the defendant to object if he had not consented; defendant did not do so; defendant then said he too would like to present his evidence with the consent of the State; and the defendant's

attorney made a statement consistent with the statement of the prosecuting attorney and concluded with a statement which was very nearly an admission of what the State was trying to prove. The statement of the prosecuting attorney with the statement of defendant's attorney shows that there was a stipulation that the prosecuting attorney could state what the evidence would show.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by the defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 95 N.C. App. 27, 381 S.E.2d 847 (1989), affirming a judgment of *Morgan, J.,* entered at the 21 March 1988 session of Superior Court, GUILFORD County. Heard in the Supreme Court 14 March 1990.

The defendant pled guilty to a charge reduced to attempted first degree sexual offense as part of a plea bargain in which the State dismissed a charge of taking indecent liberties with a child. At the sentencing hearing the prosecutor said, "[w]ith the permission of the Court and the Defense, I will summarize what the State's evidence will show." Neither the defendant nor his attorney said anything at that time. The prosecutor said the State's evidence would show that the defendant put his penis in the mouth of a five year old child who was living in his home.

The defendant's attorney then said, "[i]f it please the Court, I too would [not] like to delay our being heard and would present our evidence to the Court with the permission of the State." The defendant's attorney then gave a summary of the defendant's evidence which is in part as follows:

And evidently he lived there with his mother and sister would leave her child there and his mother would be there and his sister would go off and be gone for long periods of time, and sometimes she would not come home after work. And his mother might go and see some neighbors and come back later and sometimes later and later, and it was pretty much evident that he was stuck with care of the child. Of course that is not any excuse for his doing this. He told the Officer he was sorry, sorry for committing the offense. . . .

The court found as aggravating factors that the defendant took advantage of a position of trust or confidence to commit the offense

**STATE v. MULLICAN**

[329 N.C. 683 (1991)]

and there was present the element of the greater offense of first degree sexual offense to the lesser included offense to which the defendant pled guilty. The court found three mitigating factors. The court found that the aggravating factors outweighed the mitigating factors and sentenced the defendant to fourteen years in prison which was more than the presumptive sentence.

The defendant appealed. The Court of Appeals affirmed with one judge dissenting and the defendant appealed to this Court.

*Lacy H. Thornburg, Attorney General, by David Gordon, Assistant Attorney General, for the State.*

*Frederick G. Lind, Assistant Public Defender, for defendant appellant.*

WEBB, Justice.

The question on this appeal is whether there was sufficient evidence to support the finding of the aggravating factors. We have held that a statement by the prosecuting attorney is not sufficient standing alone to find an aggravating factor. *State v. Thompson*, 309 N.C. 421, 307 S.E.2d 156 (1983). If opposing counsel stipulates to a statement it may be used to support the finding of an aggravating factor. *State v. Swimm*, 316 N.C. 24, 340 S.E.2d 65 (1986).

The defendant contends that the only evidence to support the finding of the aggravating factors in this case was the unsupported statement of the prosecuting attorney and the defendant did not stipulate to this statement. The Court of Appeals held that it was not necessary to find there was a stipulation. It held the statement by the defendant's attorney constituted an admission as to the things with which the defendant was charged.

We cannot say the Court of Appeals was wrong, but if it were, we hold that the record shows the defendant stipulated that the prosecuting attorney could state the evidence. The defendant relies on *State v. Toomer*, 311 N.C. 183, 316 S.E.2d 66 (1984), which dealt with the authentication of a transcript of a tape recording so that it could be offered into evidence during a trial. We held that a statement by the defendant's attorney that he stipulated "it is a tape" and the officer was reading from it was not sufficient to prove the matters necessary to authenticate a transcript of a tape for introduction into evidence.

*Toomer* does not govern this case. It is not necessary in order to stipulate that the prosecuting attorney can state the evidence to stipulate to all the things necessary to authenticate a transcript of a tape recording for admission into evidence. It is only necessary to stipulate that the prosecuting attorney may make a statement as to what the evidence would show. The question in this case is whether the defendant did so. We hold that he did.

When the prosecuting attorney said he would summarize the State's evidence with the permission of the defendant, this was an invitation to the defendant to object if he had not consented. He did not do so. The defendant then said he too would like to present his evidence with the consent of the State. We can infer from this that the defendant had consented to the prosecuting attorney's making the statement. The defendant's attorney then made a statement which was consistent with the statement of the prosecuting attorney and concluded it by saying, "[o]f course that is not any excuse for his doing this." This is very nearly an admission of what the State was attempting to prove. We hold that the statement of the prosecuting attorney considered with the statement of the defendant's attorney shows that there was a stipulation that the prosecuting attorney could state what the evidence would show.

Affirmed.