STATE OF NORTH CAROLINA v. WILLIE ODELL WHITEHEAD, JR.

No. COA04-1238

(Filed 18 October 2005)

### Sentencing— aggravating factor—failure to submit to jury

The trial court erred in imposing an aggravated sentence for robbery with a dangerous weapon based upon the court's finding an aggravating factor not admitted by defendant nor found by a jury beyond a reasonable doubt, and the case is remanded for a new sentencing hearing.

Judge TIMMONS-GOODSON concurring in a separate opinion.

Appeal by defendant from judgment entered 4 May 2004 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 22 April 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*

*Geoffrey W. Hosford for defendant-appellant.*

STEELMAN, Judge.

On 26 October 2003, at approximately 1:30 am, defendant and four other males attacked William C. McKlemurry (victim) on the campus of East Carolina University for the purpose of robbing him. One of the perpetrators with defendant pulled out a gun and demanded the victim's money. The victim said "no," whereupon defendant began to push and punch the victim. Defendant took the victim's cell phone and broke it, and then took his wallet from his pocket and removed $26.00. The perpetrators then fled the scene, but were subsequently arrested. The incident was captured on videotape by a surveillance camera belonging to the East Carolina Police Department.

Defendant was indicted 9 February 2004 for robbery with a dangerous weapon and possession of a weapon on educational property. Defendant and the State reached a plea arrangement whereby defendant pled guilty to the charge of robbery with a dangerous weapon in exchange for dismissal of the charge of possession of a weapon on educational property.

Defendant accepted the plea agreement in open court on 4 May 2004. Both the State and the defendant were heard on sentencing factors. The trial court found as a mitigating factor that defendant's age or immaturity at the time of the commission of the offense significantly reduced his culpability. As an aggravating factor the trial court found that the defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy. Finding that the aggravating factor outweighed the mitigating factor, the trial court sentenced defendant to an aggravated range sentence of 80 to 105 months imprisonment. From this sentence defendant appeals.

In defendant's sole assignment of error he argues the trial court erred in finding an aggravating factor not admitted by defendant nor found by a jury beyond a reasonable doubt. We agree.

The United States Supreme Court case of *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004) held that a jury must find aggravating factors that would increase a defendant's sentence above that authorized by a finding that a defendant was guilty of the offense. This ruling was applied to North Carolina's Structured Sentencing of Persons Convicted of Crimes (Article 81B of Chapter 15A of the General Statutes) by the North Carolina Supreme Court in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005). Both *Blakely* and *Allen* provide that "the judge may still sentence a defendant in the aggravated range based upon the defendant's admission to an aggravating factor enumerated in N.C.G.S. § 15A-1340.16(d)." *Allen*, 359 N.C. at 439, 615 S.E.2d at 265.

Since a jury did not find any aggravating factors in this case, the resolution of this appeal hinges upon whether the defendant made admissions to the trial court of the aggravating sentencing factor found by the trial court.

The trial court found only one aggravating factor, that "[t]he defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." N.C. Gen. Stat. § 15A-1340.16(d)(2). The State asserts that defendant, through his counsel, admitted to all of the essential elements of the aggravating factor found at N.C. Gen. Stat. § 15A-1340.16(d)(2) under the rationale of *State v. Mullican*, 329 N.C. 683, 406 S.E.2d 854 (1991). *See also State v. Alexander*, 359 N.C. 824, 616 S.E.2d 914 (2005).

However, the identical issue presented in this case was decided by this court in favor of defendant in *State v. Meynardie*, 172 N.C. App. 127, 616 S.E.2d 21 (2005) and *State v. Wissink*, 172 N.C. App. 829, 617 S.E.2d 319 (2005). This panel is bound by these decisions. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36-37 (1989).

This case is reversed and remanded for a new sentencing hearing.

REVERSED AND REMANDED.

Judge McCULLOUGH concurs.

Judge TIMMONS-GOODSON concurs in a separate opinion.

TIMMONS-GOODSON, Judge, concurring.

I concur in the result reached by the majority. However, I write separately to distinguish my reasoning in concluding that defendant is entitled to a new sentencing hearing.

As detailed by the majority, the record in the instant case indicates that defendant accepted the plea agreement offered by the State in open court. Following the State's recitation of the factual basis for his plea, defense counsel informed the trial court that defendant was fifteen years old at the time of the offense, has a full-scale IQ of 68, and has been diagnosed as "having mild mental retardation and cannabis abuse and adolescent antisocial behavior." Defense counsel thereafter requested that the trial court find as mitigating factors that defendant has a mental condition insufficient to constitute a defense but significant enough to reduce culpability and that defendant's age and maturity at the time of the commission of the offense significantly reduced his culpability. Defense counsel also requested that the trial court find that defendant "wasn't the ringleader, and . . . was high at the time that they were doing this." The State requested that the trial court find as an aggravating factor that defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy.

The trial court agreed with the State, thereafter finding as an aggravating factor that defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy. As a mitigating factor, the trial court found that defendant's age or immaturity at the time of the commission of the offense significantly reduced his culpability. After concluding

that the aggravating factor outweighed the mitigating factor, the trial court sentenced defendant to eighty to 105 months imprisonment, a term within the aggravated range specified by N.C. Gen. Stat. § 15A-1340.17. On appeal, defendant argues that the trial court was prohibited from sentencing him in the aggravated range without first submitting the aggravating factor to a jury for proof beyond a reasonable doubt. The State contends that defendant stipulated to the presence of the aggravating factor by accepting the State's recitation of the facts and by impliedly admitting to its presence during the sentencing hearing. In light of our Supreme Court's recent decision in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), and other pertinent case law, I agree with defendant.[1]

In *State v. Powell*, 254 N.C. 231, 234, 118 S.E.2d 617, 619 (1961), our Supreme Court noted that " '[w]hile a stipulation need not follow any particular form, its terms must be definite and certain in order to afford a basis for judicial decision, and it is essential that they be assented to by the parties or those representing them.' " (quoting 83 C.J.S., Stipulations, § 24b(3)). In that case, the Court held that the purported stipulation "was not definite and certain" and that the trial court "inadvertently fell into error by not insisting upon a full, complete, definite and solemn admission and stipulation" where, when the prosecutor stated the defendant's record, the defendant remained silent and the prosecutor "did not state that [the] defendant admitted the truth of the matters contained in the . . . record or that [the] defendant stipulated that he was the person referred to in the record." *Powell*, 254 N.C. at 234-35, 118 S.E.2d at 620.

Although it has been distinguished by this Court, *see, e.g., State v. Curtis*, 73 N.C. App. 248, 326 S.E.2d 90 (1985) and *State v. Fountain*, 13 N.C. App. 107, 185 S.E.2d 284 (1971), *cert. denied*, 280 N.C. 303, 186 S.E.2d 513 (1972), *Powell* has not been overruled by our Supreme Court. Nevertheless, in *State v. Mullican*, 329 N.C. 683, 686, 406 S.E.2d 854, 855-56 (1991), the Court concluded that a defendant may

---

1. I note that the State argues that because defendant failed to object at sentencing, *Allen* is inapplicable to the instant case. However, in *Allen*, the Court stated that its holding would "apply to cases 'in which the defendants have not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final.' " 359 N.C. at 427, 615 S.E.2d at 258 (citations omitted). Furthermore, I also note that N.C. Gen. Stat. § 15A-1446(d)(18) and (19) (2003) allow a defendant to challenge his or her sentence on appeal without prior objection where the sentence was unauthorized when imposed, otherwise invalid as a matter of law, or is effected by a significant change in the law which applies to the underlying proceedings.

stipulate to the presence of an aggravating factor where the defend-ant does not object during the State's summary of the evidence and his counsel thereafter makes a statement consistent with the State's summary. In that case, the Court held that the defendant stipulated that he took advantage of a position of trust in committing first-degree sexual assault where, following the State's recitation of the evidence against him, the defendant's counsel stated that "evidently [the defendant] lived there with his mother and [his] sister [would] leave her child there . . . . [a]nd his mother might go and see some neighbors and come back later . . . and it was pretty much evident that he was stuck with care of the child." *Id.* at 684, 406 S.E.2d at 855. The Court noted that the defendant had an "invitation" to object to the State's summary of the evidence and chose not to do so, that his counsel's statement was "consistent" with the State's summary of the evidence, and that his counsel concluded his statement by saying, "[o]f course that is not any excuse for [the defendant's] doing this." *Id.* at 685, 406 S.E.2d at 855.

This Court has relied upon *Mullican* and its reasoning in holding that a defendant may impliedly stipulate to the presence of aggravat-ing factors during sentencing. *See, e.g., State v. Sammartino*, 120 N.C. App. 597, 601, 463 S.E.2d 307, 310-11 (1995) ("The recitation of the factual basis and the statements of [the] defendants show that [the] defendants destroyed a monument erected to the memory of slain police officers during the trial of the slayer of two police officers in an effort to 'make the news.' We hold that there was sufficient evi-dence presented to support the nonstatutory aggravating factor that [the] defendants' 'conduct was intended to show disrespect to law enforcement [in a] manner calculated to be highly publicized.' "); *State v. Murphy*, 152 N.C. App. 335, 340 n.5, 567 S.E.2d 442, 446 n.5 ("When a defendant pleads guilty, the trial court may rely upon the circumstances surrounding the offense, including factual allegations in the indictment, in determining whether aggravating factors exist.") (citing *State v. Thompson*, 314 N.C. 618, 336 S.E.2d 78 (1985); *Sammartino, supra; State v. Flowe*, 107 N.C. App. 468, 420 S.E.2d 475 (1992)), *disc. review denied*, 356 N.C. 442, 573 S.E.2d 161 (2002). In the instant case, although I recognize that defendant pled guilty to the offense of armed robbery and did not object to the State's summary of the factual basis for his plea, I am not convinced that the circum-stances and implications surrounding defendant's plea cure the trial court's failure to submit the aggravating factor to a jury for proof beyond a reasonable doubt.

STATE v. WHITEHEAD

[174 N.C. App. 165 (2005)]

Our Supreme Court recently examined the constitutionality of this state's structured sentencing scheme in *Allen*. After reviewing the pertinent case law, including the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), the Court concluded that, when "[a]pplied to North Carolina's structured sentencing scheme, the rule of *Apprendi* and *Blakely* is: Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen*, 359 N.C. at 437, 615 S.E.2d at 264-65 (citing *Blakely*, 542 U.S. at —, 159 L. Ed. 2d at 413-14; *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455; N.C. Gen. Stat. §§ 15A-1340.13, 15A-1340.14, 15A-1340.16, 15A-1340.17).

In the instant case, the trial court enhanced defendant's sentence based upon a unilateral finding that defendant joined with more than one person to commit the offense and was not charged with a conspiracy. In support of its contention that defendant stipulated to the presence of this aggravating factor, the State relies upon the Assistant District Attorney's description of the offense and recitation of the procedural history of the case, as well as defense counsel's statements that McKlemurry was "converged on from different directions[,]" that defendant "knew they were going to rob him[,]" that "none of them knew . . . that it was on videotape[,]" that defendant "knew they were coming here to do this in Greenville, this group from Pinetops[,]" and that "there was one other juvenile, but the rest of these people were older, and . . . [defendant] followed the leader." The State also relies upon defendant's statement to the trial court that "we asked for the money and he said no, so I went over there and hit him." However, after reviewing the record in the instant case, I am unable to conclude that any of these statements represents the " 'definite and certain' " stipulation required by *Powell*. 254 N.C. at 234, 118 S.E.2d at 619. Defense counsel's statements were made following his request "just . . . to be heard . . . *for sentencing*." Defendant's statements were made after he was asked what he "ha[d] to say about it[.]" I am not convinced that any of these statements were offered as an express stipulation, and I note the lack of any such finding by the trial court.

Furthermore, I am also unconvinced that the circumstances of the instant case require us to find an implied stipulation by defendant. I recognize that "under *Blakely* the judge may still sentence a defend-

STATE v. WHITEHEAD

[174 N.C. App. 165 (2005)]

ant in the aggravated range based upon the defendant's *admission* to an aggravating factor enumerated in N.C.G.S. § 15A-1340.16(d)." *Allen*, 359 N.C. at 439, 615 S.E.2d at 265 (emphasis added). However, I also recognize that in *Allen*, the Court examined the inherent prejudice associated with *Blakely*-related Sixth Amendment violations, and it refused to apply the harmless error doctrine to these "structural" errors, noting that " 'speculat[ion] on what juries would have done if they had been asked to find different facts' is impermissible" when reviewing *Blakely* Sixth Amendment violations. *Id.* at 448, 615 S.E.2d at 271 (quoting *State v. Hughes*, 154 Wash. 2d 118, 148, 110 P.3d 192, 208 (2005)). This reverence for the defendant's fundamental right to a jury trial and to have aggravating factors submitted to a jury leads me to conclude that a defendant's stipulation to the presence of an aggravating factor must be unequivocally specific and not drawn from an after-the-fact implication based upon the circumstances. Indeed, the best practice would be for the trial court to obtain an express stipulation from the defendant regarding the presence of aggravating factors, whereby a reviewing court need not examine the adequacy and implication of statements contained in the transcript. Having determined that no such stipulation exists in the instant case, I agree that defendant is entitled to a new sentencing hearing. Accordingly, I also vote to remand the case to the trial court.