STATE OF NORTH CAROLINA v. SONYA CASE HARRIS

No. COA05-111

(Filed 3 January 2006)

**1. Appeal and Error— sentencing—failure to object at trial— Rule 10(b)(1) not applicable**

A sentencing issue was properly before the Court of Appeals, despite defendant's failure to object, because sentencing errors are not considered an error at trial for the purpose of Rule 10(b)(1).

**2. Sentencing— factors—indictment allegations not required**

*State v. Lucas*, 353 N.C. 568, has been overruled by *State v. Allen*, 359 N.C. 425, to the extent that it required that sentencing factors be alleged in an indictment.

**3. Sentencing— concessions or stipulations—waiver of constitutional right—not sufficiently considered**

A sentence was remanded where there was no discussion in the record that concessions or stipulations by defendant would be tantamount to a waiver of defendant's right to a jury trial under *Blakely v. Washington*, 542 U.S. 296, which was decided only six working days prior to defendant's resentencing hearing. The relevant inquiry is not whether defendant stipulated to the factual basis for an aggravating factor, but rather whether she effectively waived her constitutional right to a jury determination.

**4. Constitutional Law— sentencing—effective representation of counsel**

Defense counsel's performance at a sentencing hearing was not so deficient that prejudice need not be argued, and, with no allegation of prejudice, defendant failed to meet her burden of showing that defendant was deprived of a fair trial.

Appeal by defendant from judgment dated 9 July 2004 by Judge E. Penn Dameron in Superior Court, Henderson County. Heard in the Court of Appeals 11 October 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Joseph Finarelli, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant-appellant.*

McGEE, Judge.

Sonya Case Harris (defendant) was indicted on 8 October 2001 on a charge of second-degree murder of David Boyd (Boyd). Defendant's case was joined for trial with those of Harlan Ponder and Jason Ponder (collectively, the Ponders). Defendant and the Ponders were convicted by a jury of second-degree murder. The trial court found three aggravating factors and sentenced defendant in the aggravated range to a term of imprisonment of 276 months to 341 months. Defendant appealed the conviction and sentence. In an unpublished opinion, our Court affirmed defendant's conviction but remanded for resentencing. *State v. Ponder*, 163 N.C. App. 613, 594 S.E.2d 258 (2004).

At the resentencing hearing on 6 July 2004, the trial court found two aggravating factors and again sentenced defendant in the aggravated range to a term of imprisonment of 276 months to 341 months. Defendant appeals.

Defendant, the Ponders, and Boyd were involved in a fight in the presence of Boyd's girlfriend and Robert Banks (Banks) on 22 July 2001. Banks testified that defendant attempted to kick Boyd in the face, after which the Ponders hit Boyd until he lost consciousness and fell to the ground, hitting his head. Boyd regained consciousness and defendant and the Ponders resumed beating him. After Boyd lost and regained consciousness a second time, defendant and the Ponders kicked and stomped on Boyd's ribs. The Ponders then dragged Boyd to a nearby field, while defendant grabbed Boyd's girlfriend and threatened her with a knife. Boyd died as a result of a head injuries that caused bleeding inside Boyd's skull. Boyd also suffered two fractured ribs, fractured rib cartilage, and cuts on his back.

At the resentencing hearing, defendant testified on her own behalf and admitted that she kicked Boyd, smacked and punched him in the face, and made multiple cuts on Boyd's back with a knife. Defendant denied asking the Ponders to assault Boyd or to otherwise come to her defense. Defendant also denied that she ever joined the Ponders while they kicked and beat Boyd. The State asked the trial court to find three aggravating factors: (1) that defendant was armed with a deadly weapon at the time of the offense; (2) that defendant joined with more than one other person in committing the offense and was not charged with conspiracy; and (3) that defendant induced the Ponders to participate in the offense or occupied a position of leadership over them. Defense counsel disputed that defendant in-

duced the Ponders to participate or occupied a position of leadership over them. Defense counsel did not dispute the existence of the two other aggravating factors. Defense counsel advised the trial court that none of the statutory mitigating factors applied to defendant, but defense counsel asked the trial court to consider defendant's children:

> I would just suggest to the Court that [defendant] does have these two kids. And I don't think that anyone is going to stand up and try to say, and I don't think she would tell the Court, that she was mother of the year. I mean, she acknowledged that she used drugs, she acknowledged she abused alcohol. Tough—tough to be a parent under the best of circumstances. Certainly tough if you're doing that.

Defense counsel stated that the father of defendant's children was deceased but was corrected by defendant that he was alive.

The trial court found two aggravating factors: (1) that defendant was armed with a deadly weapon at the time of the offense; and (2) that defendant joined with more than one other person in committing the offense and was not charged with conspiracy. The trial court then stated that he "would not find the existence of any mitigating factors" and that the aggravating factors were sufficient to outweigh any mitigating factors that "might exist."

Defendant argues four assignments of error, which we will address as two issues: (I) whether the trial court erred in imposing a sentence in the aggravated range and (II) whether defendant was deprived of the effective assistance of counsel.

I.

[1] Defendant argues that the trial court erred in imposing a sentence in the aggravated range, where that sentence was based on factors neither (1) pled in an indictment, (2) found by a jury beyond a reasonable doubt, nor (3) admitted by defendant.

The State contends defendant failed to preserve this issue for our Court's review because defendant did not object to the trial court's imposition of an aggravated sentence. N.C.R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion[.]"). However, our Court has held that "[a]n error at sentencing is not considered an error at trial for the purpose of Rule 10(b)(1) because this

rule is 'directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal.' " *State v. Curmon*, 171 N.C. App. 697, 703, 615 S.E.2d 417, 422 (2005) (quoting *State v. Hargett*, 157 N.C. App. 90, 93, 577 S.E.2d 703, 705 (2003)); *see also State v. Jeffery*, 167 N.C. App. 575, 605 S.E.2d 672 (2004); *State v. Canady*, 330 N.C. 398, 410 S.E.2d 875 (1991). Accordingly, despite defendant's failure to object to the sentence, the issue is properly before this Court.

**[2]** Defendant argues that in the absence of an indictment alleging the aggravating factors, the trial court lacked jurisdiction to impose a sentence in the aggravated range. Defendant cites *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001), *overruled in part by State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), for the rule that any fact that increases the maximum penalty for a crime must be alleged in an indictment. However, our Supreme Court has overruled *Lucas* to the extent it required that sentencing factors be alleged in an indictment. *Allen*, 359 N.C. at 438, 615 S.E.2d at 265. Therefore, defendant's argument is without merit.

**[3]** Defendant also contends that the aggravating factors used to enhance her sentence must have been submitted to a jury and found beyond a reasonable doubt. The United States Supreme Court held in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), that aggravating factors that would increase a defendant's sentence above that authorized by a jury verdict must be found beyond a reasonable doubt by a jury. This Sixth Amendment principle was applied to North Carolina's structured sentencing scheme in *Allen*. However, *Allen* provides that a trial court, without a jury, "may still sentence a defendant in the aggravated range based upon [a] defendant's admission to an aggravating factor enumerated in N.C.G.S. § 15A-1340.16(d)." *Allen*, 359 N.C. at 439, 615 S.E.2d at 265.

In the present case, the trial court sentenced defendant in the aggravated range based upon two statutory aggravating factors: (1) defendant was armed with a deadly weapon at the time of the offense; and (2) defendant joined with more than one other person in committing the offense and was not charged with conspiracy. *See* N.C. Gen. Stat. § 15A-1340.16(d) (2003). Since the trial court did not submit the issue of aggravating factors to a jury, the query for our Court is whether defendant admitted to the aggravating factors. If defendant did not admit to the aggravating factors, the trial court's finding of the aggravating factors was error.

*Allen* does not provide guidance as to the form a defendant's admission must take in order to constitute a valid waiver of a defendant's constitutional right to a jury determination of aggravating factors. However, this Court has stated that a waiver of a constitutional right under *Blakely* and *Allen* must be made knowingly and intelligently. In *State v. Meynardie*, 172 N.C. App. 127, 616 S.E.2d 21 (2005), for example, our Court held:

> Since neither *Blakely* nor *Allen* had been decided at the time of defendant's sentencing hearing, defendant was not aware of his right to have a jury determine the existence of the aggravating factor. Therefore, defendant's stipulation to the factual basis for his plea was not a "knowing [and] intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences."

*Meynardie* at 131, 616 S.E.2d at 24 (quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756 (1970)); *see State v. Whitehead*, 174 N.C. App. 165, 620 S.E.2d 272 (2005); *State v. Wissink*, 172 N.C. App. 829, 617 S.E.2d 319 (2005); *State v. Everette*, 172 N.C. App. 237, 616 S.E.2d 237 (2005).

Moreover, in light of *Blakely* and *Allen*, the North Carolina General Assembly enacted Session Law 2005-145 (the *Blakely* bill), which requires that an admission to a statutory aggravating factor take the same form as a defendant's guilty plea. The *Blakely* bill requires a trial court to advise a defendant that "[h]e or she is entitled to have a jury determine the existence of any aggravating factors[.]" 2005 N.C. Sess. Laws ch. 145, § 4. Moreover, "[b]efore accepting an admission to the existence of an aggravating factor . . ., the [trial] court shall determine that there is a factual basis for the admission, and that the admission is the result of an informed choice by the defendant." *Id.* Although the *Blakely* bill is effective only for offenses committed on or after 30 June 2005, and we are not bound by it, we find the General Assembly's language instructive on this issue.

The State argues that defendant admitted to the first aggravating factor, being armed with a deadly weapon at the time of the offense. Defendant testified at the resentencing hearing as follows:

> Q. Did you at any point use the knife or threaten to use the knife regarding Mr. Boyd? Did you threaten him with the knife?

> A. No, I didn't threaten him with the knife.

Q. Did you at some point, either before all this took place or after it took place, take that knife that you carried with you and make marks on the back of Mr. Boyd as are shown in this photograph[] that the Judge has?

A. Yes, I did.

Q. Okay. Where did you do that?

A. On his back.

Q. When did you do that?

A. After—when I was fighting with [Boyd's girlfriend] and I was coming back up the bank, [the Ponders] hollered, let's go, the police is going to be coming. And they [were] already going through the field and they hollered for me to leave. And [Boyd] was laying there in the field and I done it.

As for the second aggravating factor, defendant denied that she joined with more than one other person in committing the offense. The State contends that despite defendant's denial, defense counsel admitted the existence of both aggravating factors.

The State contends that defendant stipulated to the second aggravating factor through a statement made by defense counsel at the sentencing hearing. The relevant portion of the sentencing hearing transpired as follows:

[STATE]: Your Honor, the State would like to argue to the Court pursuant to 15A-1340.16, Subpart D, that there are aggravating factors in this case and that those include, Nos. 1, that the person of [defendant] occupied a position of leadership or dominance of the other participants in the commission of this offence.

. . . .

We'd argue that the second aggravating factor concerning joining with more than one other person and not being charged with conspiracy applies in this instant. . . .

And Subpart 10, that the defendant was armed with a deadly weapon at the time of the crime[.] . . .

The State would argue that the Court could use any one of those in order to find mitigating—or the aggravating range appropriate here. And we request that the Court do so.

THE COURT: All right. Mr. Newman.

[DEFENSE COUNSEL]: Thank you. Your Honor, really, I don't think there's a dispute as to [aggravating factors] Nos. 2 [that defendant joined with more than one other person in committing the offense,] and 10 [that defendant was armed with a deadly weapon]. I mean, there's just no reason to say anything about those. That was the finding before [at the first sentencing hearing]. And I mean, Mr. Ellis is right, that does reflect the evidence at the trial.

. . . .

I would just ask the Court to—that if you find 2 and 10, that No. 1, I think, would actually be open to some dispute there.

. . . .

[DEFENSE COUNSEL]: Did you want to say anything, Ms. Harris?

[DEFENDANT]: I would like to apologize.

. . . .

[THE COURT]: . . . Based on the evidence that I've heard, Miss Harris, I would find by the standard of proof required at this sentencing hearing, that you did participate in this crime with the involvement of more than one other person, but were not charged with a conspiracy involved in the commission of this crime[.]

The trial court also found that defendant was armed with a deadly weapon.

The State contends that defense counsel's concession that there was no dispute as to two of the aggravating factors amounts to an admission or stipulation of those factors, and therefore *Blakely* does not apply. The State, citing *State v. Mullican*, 329 N.C. 683, 406 S.E.2d 854 (1991), argues that North Carolina courts have permitted such concessions by a defense attorney to serve as stipulations to facts necessary to support aggravated sentences. In *Mullican*, our Supreme Court held that a defendant stipulated to evidence supporting the finding of an aggravating factor where the defendant did not object during the State's summary of the evidence and defense counsel made a statement consistent with the State's summary. *Mullican*, 329 N.C. at 686, 406 S.E.2d at 855-56. Since *Mullican*, this Court has

held that a defendant may impliedly stipulate to the presence of aggravating factors through statements by counsel. In *State v. Sammartino*, 120 N.C. App. 597, 463 S.E.2d 307 (1995), we held that where the defendants' attorneys did not rebut the State's recitation of a codefendant's statement about an aggravating factor, but instead used the statement to argue against the aggravating factor, we could "infer that [the] defendants consented to the prosecutor's recitation of the factual basis and the reading of the codefendant's statement." *Id.* at 601, 463 S.E.2d at 310. *See State v. Jackson*, 119 N.C. App. 285, 458 S.E.2d 235 (1995) (holding that a defense counsel's statements at a pretrial hearing amounted to an admission of prior convictions as an aggravating factor).

However, *Mullican* and the related cases cited by the State are inapplicable to the present case because those cases were decided before *Blakely* and *Allen*. In light of *Blakely* and *Allen*, the relevant inquiry for this Court is not whether defendant stipulated to the factual basis for a finding of an aggravating factor by the trial court, but rather whether defendant effectively waived her constitutional right to have a jury determine the existence of any aggravating factor. *See Meynardie*, 172 N.C. App. at 130, 616 S.E.2d at 24; *Wissink*, 172 N.C. App. at 838, 617 S.E.2d at 325; *Everette*, 172 N.C. App. at 246, 616 S.E.2d at 243. A valid waiver of the constitutional right to a jury trial must be knowing and intelligent. *Brady*, 297 U.S. at 748, 25 L. Ed. 2d at 456; *see State v. Harbison*, 315 N.C. 175, 180, 337 S.E.2d 504, 507 (1985). A defendant must be "sufficient[ly] aware[] of the relevant circumstances and likely consequences" of a waiver. *Brady*, 397 U.S. at 748, 25 L. Ed. 2d at 756.

In the present case, the record is void of any evidence that defendant, defense counsel, or the trial court was aware of the consequences of statements made by defense counsel or defendant at the sentencing hearing. There is no discussion in the record that concessions or stipulations would be tantamount to a waiver of defendant's right to a jury trial under *Blakely*, which was decided only six working days prior to defendant's resentencing hearing.

We hold that there is no factual basis upon which to find that any stipulation by defendant or counsel was a knowing and intelligent waiver of the right to have a jury determine the existence of any aggravating factors. Accordingly, we remand for a second resentencing. At the resentencing hearing, the State bears the burden of proving to a jury, beyond a reasonable doubt, the existence of any

aggravating factors unless defendant admits to the existence of any aggravating factors. Any waiver by defendant of the right to a jury trial as to aggravating factors must be a knowing and intelligent surrender of that right under *Blakely* and *Allen*.

## II.

**[4]** Defendant next argues she was deprived of effective assistance of counsel on two grounds: (1) her attorney was apparently ignorant of the *Blakely* decision and (2) her attorney failed to make a reasoned argument in support of a mitigated range sentence. However, defendant offers the first ground as an alternative argument: in the event we find an objection was necessary under Rule (10)(b)(1) to preserve defendant's right to appeal her aggravated sentence, defendant contends that counsel's failure to object, in ignorance of *Blakely*, constituted ineffective assistance of counsel. Since we hold that no objection was necessary to preserve defendant's right to appeal, we need not address defendant's first ground.

Generally, assistance of counsel is deemed ineffective when a defendant shows that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). The first part of this standard requires that a defendant show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, 80 L. Ed. 2d at 693. The second part of the standard "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 80 L. Ed. 2d at 693. Our Supreme Court has interpreted this to mean that a defendant must show that " 'absent the deficient performance by defense counsel, there would have been a different result at trial.' " *State v. Rogers*, 355 N.C. 420, 449-50, 562 S.E.2d 859, 878 (2002) (quoting *State v. Strickland*, 346 N.C. 443, 455, 488 S.E.2d 194, 201 (1997), *cert. denied*, 522 U.S. 1078, 139 L. Ed. 2d 757 (1998), and *cert. denied*, 354 N.C. 579, 559 S.E.2d 551 (2001)).

Defendant argues her counsel's failure to advocate for mitigating factors, as well as counsel's statements about aggravating factors, fell below an objective standard of reasonableness. However, defendant presents no argument that counsel's deficient performance prejudiced the outcome of the proceeding. We note that in certain circumstances, the deficiency of a counsel's performance is so great that prejudice need not be argued. *United States v. Cronic*, 466 U.S. 648, 658, 80 L. Ed. 2d 657, 667 (1984). For example, in *State v. Davidson*,

77 N.C. App. 540, 335 S.E.2d 518 (1985), this Court found that a defendant received ineffective assistance at sentencing where the defense counsel's statement to the trial court began, " 'Your Honor, every now and then you get appointed in a case where you have very little to say and this is one of them.' " *Id.* at 545, 335 S.E.2d at 521. As the defense counsel continued, he implied that the defendant had provided false information, informed the trial court of the defendant's prior conviction, and disparaged the defendant for refusing a plea bargain. *Id.* Upon review, our Court found the counsel's statement was

> altogether lacking in positive advocacy. Counsel offered no argument in defendant's favor, made no plea for findings of mitigating factors, . . . failed to suggest any favorable or mitigating aspects of defendant's background, and failed even to advocate leniency. More significant, the representation consisted almost exclusively of commentary entirely negative to defendant.

*Id.*

Unlike the facts of *Davidson*, defense counsel's performance in the present case is not "altogether lacking in positive advocacy." *Id.* Here, defendant's counsel asked the trial court for a mitigated sentence, contested one of the aggravating factors found at the initial sentencing hearing, and identified mitigating aspects of defendant's personal history. This performance by defense counsel was not so deficient that prejudice need not be argued. *See Conic*, 466 U.S. at 658, 80 L. Ed. 2d at 667. With no allegation of prejudice, defendant has failed to meet her burden under the second part of the *Strickland* standard. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693. This assignment of error is overruled.

Remanded for resentencing.

Judges WYNN and GEER concur.