STATE v. DIERDORF

[173 N.C. App. 753 (2005)]

———————————

STATE OF NORTH CAROLINA v. DAVID EDWIN DIERDORF

No. COA04-1685

(Filed 18 October 2005)

**Sentencing— aggravating factor—failure to present to jury— stipulation**

The trial court did not err in a double indecent liberties with a child and second-degree sex offense case by entering an aggravated sentence after defendant's pleas of guilty even though the factor was not alleged in the indictment or presented and proven to a jury beyond a reasonable doubt, because defendant stipulated to the aggravating factor that defendant took advantage of a position of trust or confidence when he agreed to be sentenced in the aggravated range and did not object to the trial court's finding of the aggravating factor.

Appeal by defendant from judgments entered 10 July 2002 by Judge Claude S. Sitton in Burke County Superior Court. Heard in the Court of Appeals 24 August 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General John G. Barnwell, for the State.*

*Hall & Hall Attorneys at Law, P.C., by Douglas L. Hall, for defendant-appellant.*

HUNTER, Judge.

David Edwin Dierdorf ("defendant") appeals from his convictions of two counts of indecent liberties with a child and one count of second degree sex offense entered upon defendant's pleas of guilty. Defendant argues the trial court erred in sentencing him in the aggravated range. We affirm the judgment of the trial court.

At his plea hearing, defendant orally stipulated that he would "be sentenced in the aggravated range for each conviction totaling three convictions." Defendant's written plea agreement states that "[u]pon the defendant's guilty pleas the defendant stipulates that he shall be sentenced in the aggravated range for each conviction (total of 3 convictions)[.]" At sentencing, the trial court found as an aggravating factor that defendant "took advantage of a position of trust or confidence to commit the offense." Defendant did not object.

Defendant contends the trial court violated his due process rights by sentencing him in the aggravated range, as the aggravating factor used by the trial court was not alleged in the indictment, and the factor was not presented and proven to a jury beyond a reasonable doubt. We do not agree.

Although findings of fact made by the trial court may not be used to increase the penalty for a crime beyond the statutory maximum, the trial court "may still sentence a defendant in the aggravated range based upon the defendant's admission to an aggravating factor enumerated in N.C.G.S. § 15A-1340.16(d)." *State v. Allen,* 359 N.C. 425, 439, 615 S.E.2d 256, 265 (2005). Moreover, sentencing factors that might lead to a sentencing enhancement do not have to be alleged in the indictment. *Id.* at 438, 615 S.E.2d at 265. Thus, the issue is whether defendant here stipulated to the existence of the aggravating factor.

**STATE v. DIERDORF**

[173 N.C. App. 753 (2005)]

During a plea hearing, "a defendant need not make an affirmative statement to stipulate to his or her prior record level or to the State's summation of the facts, particularly if defense counsel had an opportunity to object to the stipulation in question but failed to do so." *State v. Alexander*, 359 N.C. 824, 829, 616 S.E.2d 914, 918 (2005); *see also State v. Mullican*, 329 N.C. 683, 685, 406 S.E.2d 854, 855 (1991) (holding that the defendant's failure to object to the State's summation of the evidence equated to a stipulation to the evidence).

In the present case, defendant specifically agreed to be sentenced in the aggravated range. A plea arrangement or bargain is "[a] negotiated agreement between a prosecutor and a criminal defendant whereby the defendant pleads guilty to a lesser offense or to one of multiple charges in exchange for some concession by the prosecutor, usu[ally] a more lenient sentence or a dismissal of the other charges." Black's Law Dictionary 1190 (8th ed. 2004); *Alexander*, 359 N.C. at 830-31, 616 S.E.2d at 919. "The economically sound and expeditious practice of plea bargaining should be encouraged, with both sides receiving the benefit of that bargain." *Alexander*, 359 N.C. at 831, 616 S.E.2d at 919. Moreover, defendant did not object to the State's summation of the facts, nor to the trial court's finding of an aggravating factor. Because defendant agreed to be sentenced in the aggravated range and did not object to the trial court's finding of an aggravating factor, we conclude that defendant stipulated to the existence of the aggravating factor.

As defendant stipulated to the aggravating factor used by the trial court in the imposition of an aggravated sentence, we hold the trial court did not err in entering an aggravated sentence. We therefore affirm the judgments of the trial court.

Affirmed.

Judges TYSON and STEELMAN concur.