STATE OF NORTH CAROLINA v. ZEBEDEE MILBY AND STATE OF NORTH CAROLINA v. CHARLES LINWOOD BOYD

No. 809SC208

(Filed 15 July 1980)

1. Criminal Law § 86.4– evidence of prior crimes – admissibility for impeachment

The trial court did not err in admitting evidence of other unrelated crimes, since such evidence was admissible for impeachment purposes.

---
State v. Milby and State v. Boyd
---

2. **Criminal Law § 42.4– armed robbery – guns taken from defendants five weeks later – no connection with crime – admission erroneous**

    In a prosecution for armed robbery, the admission of handguns taken from defendants five weeks after the crime with which they were charged was prejudicial error, since there was no evidence that either gun matched the description given by a witness concerning one gun used in the robbery, and there was no other evidence to connect the guns to the robbery for which defendants were on trial.

APPEAL by defendants from *Tillery, Judge.* Judgments entered 11 October 1979 in Superior Court, VANCE County. Heard in the Court of Appeals 11 June 1980.

Defendants were indicted for armed robbery for the theft of money from an A & P Store on 21 April 1979. They were found guilty and each was sentenced to 20-25 years. Defendants appeal.

*Attorney General Edmisten, by Associate Attorney General Lucien Capone III, for the State.*

*Perry, Kittrell, Blackburn & Blackburn, by George T. Blackburn II, for defendant appellant Boyd.*

*Linwood T. Peoples for defendant appellant Milby.*

ARNOLD, Judge.

[1] The robbery with which defendants are charged occurred on 21 April 1979. Defendants contend that the court erred by admitting evidence of other unrelated crimes, but in this they are mistaken. The testimony as to crimes on 20 August 1978 and 27 January 1979 was elicited on cross-examination of defendant Boyd and was proper as impeachment. See 4 Strong's N.C. Index 3d, Criminal Law §§ 86.1 and 86.5. The challenged testimony relating to 27 May 1979 was not evidence of a crime, and while the testimony objected to may have been irrelevant, we do not find that it was prejudicial.

[2] On 27 May 1979 officers stopped the vehicle which defendant Boyd was driving and in which defendant Milby was a passenger and arrested the defendants on a fugitive warrant. A

search of defendant Boyd revealed a handgun, and a second handgun was found in the passenger seat where defendant Milby had been sitting. These guns were admitted into evidence and defendants assign error, arguing that no connection was established between the guns and the robbery five weeks earlier.

We agree with defendants that admission of these handguns was prejudicial error. There was no evidence that either gun matched the description given by the witness Juanita Fuller that one gun used in the robbery was "a long, narrow gun" with "sort of a brass look." This case is different from those in which a witness testifies that the object admitted into evidence is at least similar to that involved in the crime. *See, e.g., State v. King,* 287 N.C. 645, 215 S.E. 2d 540 (1975), *death penalty vacated,* 428 U.S. 903, 49 L.Ed. 2d 1209, 96 S.Ct. 3208 (1976); *State v. Patterson,* 284 N.C. 190, 200 S.E. 2d 16 (1973). See generally 1 Stansbury's N.C. Evid. § 118 (Brandis rev. 1973). There was no other evidence to connect these guns to the robbery for which defendants were on trial. "The general rule is that weapons may be admitted in evidence 'where there is evidence tending to show that they were used in the commisson of a crime.'" *Id.* at 194, 200 S.E. 2d 19 quoting *State v. Wilson,* 280 N.C. 674, 678, 187 S.E. 2d 22, 24 (1972). The question of whether the court's error in admitting the guns into evidence was prejudicial is a close one, since there was substantial evidence that defendants were the prepetrators of the robbery. The State's evidence was not so overwhelming, however, that we can say this error was harmless beyond a reasonable doubt. Accordingly, defendants must be granted a new trial.

We find no merit in defendants' further assignments of error.

New trial.

Judges ERWIN and HILL concur.