STATE OF NORTH CAROLINA v. MICHAEL WAYNE PATTERSON

No. 8215SC184

(Filed 7 December 1982)

1. **Criminal Law § 42.4— armed robbery—guns taken from defendant's car—one having no connection with crime—admission erroneous**

    The trial court erred in a prosecution for armed robbery by allowing the assistant district attorney to cross-examine defendant concerning a sawed-off shotgun found in the car in which defendant was driving in addition to the pistol identified by the robbery victim. The shotgun was not connected to the robbery and it was clearly not relevant to any issue in the case, and the admission of the shotgun was potentially confusing and misleading to the jury thereby constituting prejudicial error.

2. **Criminal Law § 163— failure to summarize all evidence defendant found favorable—necessity for calling court's attention to**

    Defendant did not properly preserve his exceptions to the trial judge's charge to the jury for appeal where he did not bring his relatively minor contentions concerning the trial judge's failure to summarize certain evidence favorable to the defense to the trial judge's attention.

3. **Criminal Law § 117.6— failure to instruct on inferences that could be drawn from witness's refusal to answer—no entitlement to such instruction**

    In a prosecution for armed robbery, the trial judge did not err in failing to instruct the jury with respect to the permissible inferences that could be drawn from defendant's brother's refusal to answer certain questions by using the privilege against self-incrimination since the refusal to answer a question alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant.

APPEAL by defendant from *Battle, Judge.* Judgment entered 24 September 1981 in Superior Court, ORANGE County. Heard in the Court of Appeals 20 September 1982.

Defendant, Michael Wayne Patterson, was indicted for armed robbery. He pled not guilty and was tried by a jury.

The jury convicted defendant of armed robbery and he was sentenced to imprisonment. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Alfred N. Salley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

JOHNSON, Judge.

The issues on appeal are (1) whether the trial court erred in admitting evidence that a sawed-off shotgun was found in the defendant's car; (2) whether the trial court gave a biased summary of the evidence in its charge to the jury; and (3) whether the trial court violated G.S. 15A-1232 when instructing the jury regarding a witness' assertion of the privilege not to incriminate himself.

The State's evidence tended to show that Marie Tarver was robbed of her wallet and car keys by a young, slender, light skinned black male wearing a light colored shirt with a dark jacket, in a hospital parking lot in Chapel Hill. Ms. Tarver stated that the man who robbed her was not wearing a hat. She testified that the robber approached her as she was leaving work on the night of 24 October 1980 and that he held a gun on her and struck her below the eye during the robbery. He then ran to another parking lot where two or three other men were waiting at a small car.

Ms. Tarver testified that soon after the robbery, she saw John Russell coming to the parking lot. She ran to him, related what happened, and was taken by him to the hospital security trailer. Ms. Tarver stated that she could still see her assailant's car and pointed the car out to Mr. Russell. Mr. Russell testified that he saw a black man get into the passenger side of the car which then drove out of the lot and past the security trailer. Tarver promptly reported the robbery to a hospital security officer and pointed out the defendant's car. The officer followed the car and got in touch with the local police. A police officer stopped the car. The defendant was driving, and there were three passen-

gers. Police found a pistol in the car. Later, Marie Tarver was shown a series of photographs, and she selected a photograph of the defendant as the robber.

The defendant testified that he, his two brothers, and a fourth man named Mark Sumler, were riding around Chapel Hill on the night in question and that he stopped in a parking lot at the request of his brother, Raymond Patterson and Mark Sumler. Raymond and Sumler got out of the car, returned in a short while, and told defendant to drive off. Sumler told him where to drive and Raymond stated that he had just robbed someone. After they were stopped, the defendant told police that he had not robbed anyone and that Raymond had committed the robbery. The defendant testified that he was wearing a hat on the night of 24 October 1980 and that he never left the car while it was parked in the parking lot.

Defendant presented his brother, Raymond, to testify. Raymond testified that he was riding around with the others and that he got out of the car at the hospital parking lot and saw Marie Tarver. He refused to state whether he robbed Tarver on grounds that the answer might incriminate him.

I

[1] During cross-examination of the defendant the assistant district attorney brought out testimony to the effect that there was a sawed-off shotgun in the car in addition to the pistol identified by the robbery victim. Defendant stated that he knew of the presence of the shotgun. The assistant district attorney produced the shotgun and defendant identified it. The defendant assigns error. He argues that there was no evidence connecting the shotgun to the robbery and that the presence of the shotgun in the car was irrelevant to the robbery charge. We agree.

It is a well settled principle that weapons may be admitted into evidence when there is evidence tending to show that they have been used in the commission of a crime. *State v. Wilson*, 280 N.C. 674, 187 S.E. 2d 22 (1972). The case *sub judice* involves the admission of testimony of a weapon into evidence where there is no evidence the weapon was connected with the crime charged.

This case is very similar to *State v. Milby and State v. Boyd*, 47 N.C. App. 669, 267 S.E. 2d 594 (1980), *disc. rev. allowed*, 302

N.C. 137, 273 S.E. 2d 716 (1981), in which the State was permitted to introduce into evidence two handguns taken from a car in which the defendants were riding. The defendants were being tried for armed robbery. In reversing the convictions and ordering a new trial, this Court stated that the State failed to connect the handguns seized from the defendants with the handguns utilized in the robbery, and failed to produce any testimony to the effect that the handguns were similar to those actually employed by the defendants.

On discretionary review, the Supreme Court reversed, stating that it was unable to determine that there was indeed a discrepancy between the weapons used in the commission of the robbery and the weapons received in evidence because the record was devoid of any stipulation or description of the weapons, and the weapons were not before the Supreme Court for its examination. Due to this deficiency of the record, the Supreme Court applied the well settled principle that a ruling of the trial court on an evidentiary point is presumptively correct. *Id.* at 141, 273 S.E. 2d at 719. The Supreme Court further stated, that assuming *arguendo* that the handguns were admitted erroneously, in view of the overwhelming evidence presented by the State as well as the quality of that evidence, there was no reasonable possibility that the verdicts returned by the jury were affected by the introduction of the handguns in question. *Id.*

In the case *sub judice*, there was no evidence, nor does the State contend otherwise, that the sawed-off shotgun was used in any fashion in the commission of the armed robbery. A small caliber pistol which the State contends was the weapon used in the commission of the robbery was introduced and the victim identified this pistol as being very similar to the one used in the robbery. The shotgun was not connected to the robbery and it was clearly not relevant to any issues in the case. Therefore, the shotgun was erroneously admitted into evidence. *State v. Wilson, supra; Sprinkle v. Ponder,* 233 N.C. 312, 320, 64 S.E. 2d 171, 178 (1951).

We further conclude that there is a reasonable possibility that the erroneous admission of the shotgun evidence contributed to the defendant's conviction, particularly in light of the conflict-

ing evidence regarding the identity of the defendant as the man who robbed Marie Tarver.

The State argues that evidence concerning the shotgun was properly used to impeach defendant's testimony about the reason why he and the others were in Chapel Hill. This cross-examination was improper as it constitutes impeachment on a collateral matter. In addition, permitting the State to present evidence of a shotgun which was not used in the commission of the armed robbery was potentially confusing and misleading to the jury. The effect of such impeachment was to bring out a matter purely prejudicial to the defendant. For this error, defendant is entitled to a new trial. *See generally* 1 Brandis on N.C. Evidence, § 42 (2nd Rev. Ed. 1982). We will briefly address the defendant's other assignments of error as they may recur upon retrial.

## II

[2] By his second argument on appeal, the defendant contends that the trial judge failed to mention certain testimony favorable to the defense while summarizing the evidence for the jury. Although defendant did not raise such an objection at trial, he reasons that the judge's failure to mention this testimony amounted to an expression of opinion that the testimony was not credible and, therefore, that he was not required to object at trial. On this point he cites *State v. Covington*, 48 N.C. App. 209, 268 S.E. 2d 231 (1980). In *Covington*, this Court found that the trial judge had expressed an opinion while stating the contentions of the parties since the judge assumed that the defendant admitted certain essential elements of the State's case and because the judge's manner of stating the defendant's contentions had the effect of ridiculing the defendant before the jury. Such is not the case herein. Here, the alleged error consists of the trial judge's failure to summarize certain evidence that the defendant finds favorable. A trial judge is not required to summarize all of the evidence, *State v. Spicer*, 299 N.C. 309, 261 S.E. 2d 893 (1980), and in this case the trial judge specifically instructed the jury that he had not summarized all of the evidence and that it was the jury's duty to remember all of the evidence whether summarized or not. We conclude that this case comes within the following rule of *State v. Monk*, 291 N.C. 37, 229 S.E. 2d 163 (1976):

> We have held in many cases that any minor misstatement in the trial judge's statement of facts or contentions must be brought to his attention at trial. (Citations omitted.) The reason for this rule is that the trial judge should be given an opportunity to correct any misstatements in order to avoid the expense of a retrial. We have further held that a defendant may not avoid the operation of this rule by contending that the trial judge's misstatements were impermissible expressions of opinion. (Citation omitted.)

*Id.* at 53, 229 S.E. 2d at 173-74. As the evidence cited by defendant is relatively minor and defendant did not raise the present objection at trial, we hold that he has not properly preserved these exceptions for appeal.

### III

[3] By his final argument, the defendant contends that the trial judge erred in omitting from his summary of the evidence the witness, Raymond Patterson's refusal to answer certain questions and by failing to instruct the jury with respect to the permissible inferences that could be drawn from this witness's refusal to answer. As to the first part of this argument, we again note that defendant did not raise this objection at trial, and we conclude that defendant may not present this issue for the first time on appeal. As to the second part of this argument, we note that defendant made no request for jury instructions in the trial court, but we choose to examine the issue further. Defendant argues that the judge should have instructed the jury that it could infer that Raymond Patterson's answers would indeed have incriminated him. We disagree. It has been held in certain cases that the defendant has no right to present a witness who intends to claim the privilege against self-incrimination as to essentially all the questions that will be asked him. *United States v. Johnson,* 488 F. 2d 1206 (1st Cir. 1973); *Bowles v. United States,* 439 F. 2d 536 (D.C. Cir. 1970), *cert. denied,* 401 U.S. 995, 28 L.Ed. 2d 533, 91 S.Ct. 1240 (1971). Calling such a witness would likely have a disproportionate impact on the jury's deliberations and "would only invite the jury to make an improper inference." *Bowles,* 439 F. 2d at 542. The general rule, supported by a number of cases, is

> that when a witness, other than the accused, declines to answer a question on the ground that his answer would tend

to incriminate him, that refusal alone cannot be made the basis of any inference by the jury, either favorable to the prosecution or favorable to the defendant.

Annot., 24 A.L.R. 2d 895-96 (1952). Thus, we conclude that the defendant was not entitled to the instruction now urged by him. The judge might have given an instruction along the lines of the general rule, but his failure to give any instruction at all with respect to Raymond Patterson's assertion of his privilege against self-incrimination did not prejudice the defendant since, in the absence of any instruction, the jury was more likely to view the matter in a manner favorable to the defendant.

The defendant is awarded a

New trial.

Chief Judge MORRIS and Judge BECTON concur.