STATE OF NORTH CAROLINA v. XAVIER DOMINIQUE JOHNSON, Defendant

No. COA05-1403

(Filed 2 January 2007)

**1. Appeal and Error— preservation of issues—failure to object on constitutional grounds—failure to assert plain error**

Although defendant contends the trial court violated his right to confrontation in a kidnapping and assault with a deadly weapon inflicting serious injury case by allowing the out-of-court statements of a witness, this assignment of error is dismissed because: (1) our appellate courts will only review constitutional questions raised and passed upon at trial; (2) defendant only lodged a general objection but did not object on constitutional grounds; and (3) defendant failed to assert plain error.

**2. Evidence— prior crimes or bad acts—victim's lack of willingness to testify—shooting at mother's house**

Testimony by a kidnapping and assault victim that he did not want to testify at defendant's trial and only did so after being jailed as a material witness, and that after he testified at a codefendant's trial "they shot my momma's house up," but that defendant had not threatened him, did not constitute evidence of a prior bad act by defendant in violation of N.C.G.S. § 8C-1, Rule 404(b). Even presuming error, defendant was not prejudiced given the other evidence presented in the case.

**3. Sentencing— aggravated sentences—special verdict**

The trial court did not err in a kidnapping and assault with a deadly weapon inflicting serious injury case by aggravating defendant's sentences, because: (1) at the time of defendant's trial, the applicable statute was the unamended version of N.C.G.S. § 15A-1340.16 (2004) which required the trial court to find aggravating factors not admitted by defendant by a preponderance of the evidence and to make written findings; (2) North Carolina law permits the submission of aggravating factors to a jury using a special verdict; and (3) the trial court complied with the limitations for a special verdict set forth in *State v. Blackwell*, 361 N.C. 41 (2006).

**4. Sentencing— aggravating factors—position of leadership or dominance of other participants**

The trial court did not err in a kidnapping and assault with a deadly weapon inflicting serious injury case by concluding there was sufficient evidence to support submission of the aggravating factor that defendant occupied a position of leadership or dominance of other participants in the commission of the offenses, because: (1) a reasonable inference of defendant's guilt may be drawn from the circumstances; and (2) the victim testified that defendant was driving the vehicle that the victim was forced into, that defendant drove while another person beat the victim, and that defendant told the other person that they should not let the victim go and that they should kill him.

**5. Sentencing— aggravating factors—offenses committed with use of deadly weapon—acting in concert**

The trial court did not commit plain error in a kidnapping and assault with a deadly weapon inflicting serious injury case by concluding there was sufficient evidence to support submission

of the aggravating factor that the offenses were committed with the use of a deadly weapon even though defendant himself had no weapon, because: (1) our courts have upheld the application of the theory of acting in concert to the finding of aggravating factors; and (2) defendant's coparticipant committed the offenses with the use of a deadly weapon.

Appeal by defendant from judgments entered 4 February 2005 by Judge Robert H. Hobgood in the Superior Court in Durham County. Heard in the Court of Appeals 22 August 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Sandra Wallace-Smith, for the State.*

*Glover & Petersen, P.A., by Ann B. Petersen, for defendant-appellant.*

HUDSON, Judge.

In August 2003, the grand jury in Durham County indicted defendant for kidnapping and assault with a deadly weapon inflicting serious injury. On 3 February 2005, the trial jury found defendant guilty of both offenses. On 4 February 2005, after hearing evidence on aggravating factors, the jury found two aggravating factors, and the court sentenced defendant within the aggravated range to two consecutive terms of 42 to 60 months imprisonment. Defendant appeals. We conclude that there was no error.

The evidence tends to show that defendant, co-defendant Robert Johnson, and Robert Harris, all residents of Durham, had known each other for years. According to Harris, he and Robert Johnson had a disagreement over money owed for drugs in April 2003. On 20 April 2003, defendant was driving his car when Harris approached. While they were speaking, Robert Johnson pulled up, got out of his vehicle, and forced Harris into defendant's car at gunpoint. Robert Johnson beat Harris while defendant drove. Harris testified that he offered to give Robert Johnson money, if that was what he wanted, but that defendant told Robert Johnson not to let Harris go because he would tell. Harris also testified that defendant asked Robert Johnson what he was going to do and told him, "you better kill him." Eventually, when defendant stopped the car, Robert forced Harris out of the car and shot him in the leg, partially severing his genitals and causing permanent injury.

**[1]** Defendant first argues that the trial court deprived him of his constitutional rights under the confrontation clause when it allowed the out-of-court statements of Ms. Felicia Turrain into evidence. At trial, Walter Harris testified that he had signed a notarized statement that defendant did not participate in the incident when Harris was kidnapped and shot. The State asked why Harris had signed this statement, and Harris stated that Felicia Turrain kept coming to the nursing school where he was taking classes and asking, "would I help [defendant] out, you know, to get out of this trouble, because really basically like he couldn't afford to take another charge like this." The court overruled defendant's objection but instructed the jury not to consider the portion of the testimony that " 'he couldn't afford to take another charge like this.' " It is well-established that our appellate courts will only review constitutional questions raised and passed upon at trial. N.C. R. App. P. 10(b)(1) (2004); *State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982). Here, defendant lodged a general objection but did not object on constitutional grounds. Where a defendant fails to properly object at trial, he may argue plain error on appeal. N.C. R. App. P. 10(c)(4) (2004). However, defendant has not asserted plain error and thus has waived plain error review. *State v. Dennison*, 359 N.C. 312, 312, 608 S.E.2d 756, 757 (2005). Accordingly, defendant's constitutional argument is not properly before us, and we overrule this assignment of error.

**[2]** In his next argument, defendant contends that the trial court erred in admitting prejudicial evidence of other crimes. We disagree. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2003) provides that while "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person or that he acted in conformity therewith." *Id.* However, such evidence may be admissible for other purposes such as to prove motive, opportunity, intent, and knowledge. *Id.* Here, the State elicited testimony from Mr. Harris that he had not wanted to testify at defendant's trial and only did so after being arrested and jailed as a material witness. Harris testified that after he had testified at the earlier trial of a co-defendant in this case, "[t]hey shot my momma's house up . . . When I say they, I'm not saying no names." The State subsequently asked if Harris had avoided coming to court in the present case "[b]ecause of the threats from Xavier Johnson; is that right?" Harris responded ambiguously at first, but then stated "as far as, you know, the arguments that we may have had, as far as coming up to the trial, [defendant] ain't threatened me. I mean him personally, no, being threatened, not him, you know." We fail to see how such testimony constitutes evidence of a prior bad act by defendant.

Furthermore, even presuming error, we are not persuaded that such error would have prejudiced defendant, given the other evidence presented in this case. We overrule this assignment of error.

**[3]** Defendant next argues that the trial court erred in aggravating defendant's sentences because it lacked authority to sentence defendant within the aggravated range. We disagree. We first note that defendant did not object to imposition of the aggravated sentence at trial, and the State contends that defendant thus failed to preserve this issue for our review. N.C. R. App. P. 10(b)(1). However, this Court has held that "an error at sentencing is not considered an error at trial for the purpose of Rule 10(b)(1) because this rule is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal." *State v. Harris*, 175 N.C. App. 360, 362-63, 623 S.E.2d 588, 590 (2006) (internal citations and quotation marks omitted). Accordingly, as in *Harris*, "despite defendant's failure to object to the sentence, the issue is properly before this Court." *Id.*

In 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). The Court held that a defendant's constitutional right to trial by jury requires that jurors find, beyond a reasonable doubt, facts which increase the penalty for a crime "beyond the prescribed statutory maximum," defining "statutory maximum" as the maximum sentence allowed by a jury's verdict or from a defendant's admissions, without additional judge-made findings of fact. *Id.* at 303-04, 159 L. Ed. 2d at 413-14. In *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), *withdrawn by* 360 N.C. 569, 635 S.E.2d 899 (2006), the North Carolina Supreme Court reviewed the effect of *Blakely* on the North Carolina structured sentencing act ("the Act"). The Court concluded that N.C. Gen. Stat. § 15A-1340.16 (2004), the portion of the Act which required trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant, and which permitted imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence, violated the Sixth Amendment as interpreted in *Blakely*. 359 N.C. at 438-39, 615 S.E.2d at 265. The Court held that all of its holdings in *Allen* applied to cases in which "the defendants had not been indicted as of the certification date of this opinion and to cases that are now pending on direct review or are not yet final." *Id.* at 427, 615 S.E.2d at 258. Here, defendant was indicted on 11 August 2003, judgment was entered 4 February 2005, and defendant filed notice of appeal on 5 February 2005. *Allen*

was filed on 1 July 2005; thus, defendant's case was pending on direct review when *Allen* was certified. Although *Allen* was later withdrawn on other grounds (for its determination that *Blakely* errors were structural and not subject to harmless error analysis), *Allen* was controlling precedent at the time defendant was sentenced.

The General Assembly had not amended the Act at the time of defendant's trial. When the legislature did amend N.C. Gen. Stat. § 15A-1340.16 on 30 June 2005, it stated that:

> This act is effective when it becomes law. Prosecution for offenses committed before the effective date of this act are not abated or affected by this act, and the statutes that would be applicable but for this act remain applicable to those prosecutions.

2005 N.C. Sess. Laws 145. Thus, at the time of defendant's trial, the applicable statute was the unamended version of N.C. Gen. Stat. § 15A-1340.16(2004), which required the trial court to find aggravating factors not admitted by defendant by a preponderance of the evidence and to make written findings. *Id.* Aware of the problems presented by *Blakely*, the trial court here presented the aggravating factors to the jury and the jury found these factors beyond a reasonable doubt. The trial court wrote by hand on the judgment form, "found by the jury beyond a reasonable doubt," below the findings of aggravating factors.

Defendant does not assert that the trial court violated his rights under *Blakely*, but that the trial court acted without authority when it fashioned its own remedy to comply with *Blakely* before our legislature had amended the structured sentencing act. However, the North Carolina Supreme Court recently addressed this issue, where "the trial court allegedly lacked a procedural mechanism by which to submit the challenged aggravating factor to the jury," and concluded that North Carolina law "permits the submission of aggravating factors to a jury using a special verdict." *State v. Blackwell*, 361 N.C. 41, 46, —— S.E.2d ——, —— (2006).

> A special verdict is a common law procedural device by which the jury may answer specific questions posed by the trial judge that are separate and distinct from the general verdict. Despite the fact that the General Statutes do not specifically authorize the use of special verdicts in criminal trials, it is well-settled under our common law that special verdicts are permissible in criminal

cases. Special verdicts, however, are subject to certain limitations. After the United States Supreme Court decision in *United States v. Gaudin*, a special verdict in a criminal case must not be a true special verdict—one by which the jury only makes findings on the factual components of the essential elements alone—as this practice violates a criminal defendant's Sixth Amendment right to a jury trial. Thus, trial courts using special verdicts in criminal cases must require juries to apply law to the facts they find, in some cases straddl[ing] the line between facts and law as a mini-verdict of sorts. Furthermore, requests for criminal special verdicts must require the jury to arrive at its decision using a beyond a reasonable doubt standard, since a lesser standard such as preponderance of the evidence would violate a defendant's right to a jury trial. Aside from these limitations, however, we are aware of no limits on our trial courts' broad discretion to utilize special verdicts in criminal cases when appropriate. It is difficult to imagine a more appropriate set of circumstances for the use of a special verdict than those existing in the instant case, in which a special verdict in compliance with the above limitations would have safeguarded defendant's right to a jury trial under *Blakely* . . . . [P]rior to the Blakely Act, special verdicts were the appropriate procedural mechanism under state law to submit aggravating factors to a jury.

*Id.* Here, we conclude that the trial court complied with the limitations for a special verdict set forth in *Blackwell*, and thus we overrule this assignment of error.

**[4]** Defendant also contends that there was insufficient evidence to support submission of the aggravating factors to the jury. We disagree. The jury was instructed and found that the defendant occupied a position of leadership or dominance of other participants in the commission of the offenses of assault with a deadly weapon causing serious injury and second-degree kidnapping. Defendant objected to the submission of this aggravating factor. In determining whether there was sufficient evidence to present to the jury, we review the evidence in the light most favorable to the State. *State v. Thomas*, 296 N.C. 236, 245, 250 S.E.2d 204, 208 (1978). The State is entitled to every reasonable inference to be drawn from the evidence and to have all contradictions in the evidence resolved in its favor. *State v. Lee*, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998). The ultimate question is "whether a reasonable inference of the defendant's guilt may be drawn from the circumstances." *Id.* If the evidence supports a rea-

sonable inference of defendant's guilt, "it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty." *Thomas*, 296 N.C. at 244, 250 S.E.2d at 209. Here, Mr. Harris testified that defendant was driving the vehicle that Harris was forced into, that defendant drove while Robert Johnson beat Harris, and that defendant told Robert Johnson that they should not let Harris go and that they should kill him. Viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence to support the instruction on occupying a position of leadership or dominance.

[5] Defendant also asserts that there was insufficient evidence to support the aggravating factor submitted and found by the jury that the offenses were committed with the use of a deadly weapon. As defendant did not object to this charge at trial, we review this claim for plain error. *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 379 (1983). It is undisputed that the offenses committed by Robert Johnson were committed with the use of a deadly weapon. It is also undisputed that defendant had no weapon. Defendant asserts that the trial court may not submit an aggravating factor based on a theory of acting in concert, citing *State v. Oliver*, 309 N.C. 326, 365, 307 S.E.2d 304, 329 (1983). However, *Oliver* does not stand for this proposition and defendant has not cited any other law in support of this argument. Indeed, our Courts have upheld the application of the theory of acting in concert to the finding of aggravating factors. *See State v. Barnes*, 333 N.C. 666, 686, 430 S.E.2d 223, 234 (1993); *State v. Collier*, 72 N.C. App. 508, 512, 325 S.E.2d 256, 258 (1985). Where two or more persons join in a plan to commit a crime, each of them, if actually or constructively present, is guilty as a principal if the other commits that particular crime. *State v. Barnes*, 345 N.C. 184, 233, 481 S.E.2d 44, 71 (1997). We conclude that the court did not commit plain error in submitting the aggravating factor that the offenses were committed with the use of a deadly weapon based on a theory of acting in concert. We overrule this assignment of error.

No error.

Judges WYNN and TYSON concur.

The judges participated and submitted this opinion for filing prior to 1 January 2007.