TYSON, Judge.
James Bernard Bennett ("Defendant") appeals from judgments entered upon jury verdicts convicting him of possession of a firearm by a convicted felon, obtaining habitual felon status and finding the existence of the aggravating sentencing factor of being on pretrial release for another charge. We find no error in Defendant's conviction, but we remand for a new sentencing hearing.
I. Factual and Procedural Background
Lasheree Boykin ("Boykin") lived in a house on Forest Landing Drive in Garner, located near a wooded cul-de-sac, in March 2015. Boykin's friend, William "Manny" Ormond ("Ormond"), drove his car to Boykin's home around 11:00 p.m. on 30 March 2015, and he noticed someone walking outside in the neighborhood. Boykin got inside the car with Ormond. Boykin and Ormond both testified that a man walked past the driver's side of the car and stopped in front of the car.
Ormond testified he could not really discern much of the man's features, but did see him lift up his shirt, pull a pistol out of his waistband, and then drop the pistol. Boykin testified she saw a man wearing a white shirt pull up his shirt, and she saw the silver part of a gun inside his waistband. Ormond then drove off to get out of the neighborhood.
Later that night, a white car pulled up next to Ormond's car, and began following it. Ormond drove off of Highway 70 to the White Oak Cinema parking lot, while Boykin called 911. The white car followed Ormond's car into the parking lot. Police arrived soon thereafter. Boykin testified the man she saw earlier in the night in front of Ormond's car with the gun in his waistband was the same man who had followed them in the white car.
Garner Police Officer William Roberson ("Officer Roberson"), who arrived about the same time as Officer Al Rivera ("Officer Rivera"), stopped the white car, and determined the driver was Defendant. Officer Roberson detained Defendant and searched him for a weapon, but he did not find one.
Officer Rivera then searched Defendant's car for a firearm, but he did not find one there, either. Officer Rivera found some items in the trunk, which included a black ski mask, a Halloween mask, a black trench coat, black athletic shoes, and a camouflage hunting suit. Officer Roberson allowed his dog to search for a firearm. The dog search was based upon detecting "human odor," which was testified can stay on an item for 12 to 15 hours. The dog alerted on a silver-grey .40 caliber semi-automatic pistol with black grips, approximately 15 feet from the parking lot's curb.
The parties stipulated Defendant was a convicted felon as of the date of these charges. On 24 August 2016, the State gave notice of its intent to prove the aggravating sentencing factor that Defendant had committed the offense while he was on pretrial release for another charge. The trial began on 29 August 2016.
Officer Rivera testified concerning the items found inside the trunk. Defense counsel objected to fact evidence about the items and to the officer's opinion that such items were consistent with disguises for robbery. Counsel also argued the evidence would be more prejudicial than probative. The trial court overruled the objection and found the evidence admissible and relevant as "probative of the motive for events that occurred earlier in the evening and certainly admissible as circumstantial evidence." The court stated it weighed the evidence under Rule 403 and found the probative value outweighed the prejudicial effect.
On 31 August 2016, the jury found Defendant was guilty of possession of a firearm by a convicted felon. On 1 September 2016, the jury also found Defendant guilty of attaining habitual felon status and found the existence of the aggravating sentencing factor. The trial court consolidated the charges for sentencing and sentenced Defendant at a prior record level III in the aggravated range to a minimum active term of 120 months and a maximum of 156 months. Defense counsel entered written notice of appeal on 29 September 2016.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2017) and N.C. Gen. Stat. § 15A-1444 (2017).
This Court may grant a petition for writ of certiorari "in appropriate circumstances ... when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. 21(a)(1). When a defendant has lost the right to appeal through no fault of his own, this Court has granted the petition for writ of certiorari and considered the defendant's appeal on its merits. State v. Holanek, 242 N.C. App. 633, 640, 776 S.E.2d 225, 232, review denied , 368 N.C. 429, 778 S.E.2d 95 (2015), and cert. denied , --- U.S. ----, 195 L.Ed. 2d 824 (2016) ; State v. Hammonds , 218 N.C. App. 158, 163, 720 S.E.2d 820, 823 (2012).
Defendant lost his appeal through no fault of his own. We allow Defendant's petition, issue the writ of certiorari , and address the merits of his appeal. See Holanek , 242 N.C. App. at 640, 776 S.E.2d at 232.
III. Issues
Defendant asserts four issues on appeal: (1) the trial court erred when it admitted into evidence Officer Rivera's fact and opinion evidence about items found inside the trunk of the car driven by Defendant; (2) the trial court erred when it admitted Officer Rivera's opinion evidence vouching for Boykin's credibility; (3) the trial court erred by considering the "Pretrial Release" as an aggravating sentencing factor because the State failed to timely provide written notice of its intent to prove the factor; and, (4) the trial court erred when it counted a criminal contempt adjudication as a prior conviction in calculating Defendant's prior record level.
IV. Admissibility of Evidence in Trunk
Defendant asserts that the trial court erroneously allowed Officer Rivera's testimony regarding the items found inside the trunk of the vehicle driven by Defendant. These items included a black ski mask, a Halloween mask, a black trench coat, black athletic shoes, and a camouflage hunting suit. Defendant argues this evidence was "irrelevant, unhelpful, and inadmissible."
A. Standard of Review
Our Supreme Court has held that
when analyzing rulings applying Rules 404(b) and 403, we conduct distinct inquiries with different standards of review. When the trial court has made findings of fact and conclusions of law to support its 404(b) ruling ... we look to whether the evidence supports the conclusions. We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b). We then review the trial court's Rule 403 determination for abuse of discretion.
State v. Beckelheimer , 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. Hennis , 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988) (citation omitted). "This standard is deferential, and we will disturb the trial court's decision only when it crosses the line from potentially reasoned to necessarily arbitrary." State v. Hembree , 368 N.C. 2, 13, 770 S.E.2d 77, 85 (2015).
In his brief, Defendant raises Rule 701 as support for his argument that the officer's statement concerning the items found in the truck were implements of the crime of robbery. Defendant only raised objections based upon relevancy and prejudice at trial. Because he failed to raise Rule 701 in his objection, Defendant cannot now assert this rule as a basis for trial court error. When a defendant fails to properly object at trial and does not assert plain error on appeal, he waives appellate review. State v. Johnson , 181 N.C. App. 287, 290, 639 S.E.2d 78, 80 (2007).
B. Analysis
1. Rule 401-402
Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2017). All relevant evidence is generally admissible. N.C. Gen. Stat. § 8C-1, Rule 402 (2017). In criminal cases, the relevancy standard has been termed "relatively lax" and thus "[a]ny evidence calculated to throw light upon the crime charged should be admitted by the trial court." State v. Miles , 222 N.C. App. 593, 607, 730 S.E.2d 816, 827 (2012) (quoting State v. McElrath , 322 N.C. 1, 13, 366 S.E.2d 442, 449 (1988) ), aff'd per curiam , 366 N.C. 503, 750 S.E.2d 833 (2013).
Defendant contends that items found inside the trunk did not raise "any tendency" to make a fact more or less probable. He argues he was not charged with any type of robbery, and only with possession of a firearm by a felon, the evidence did not tend to "prove any element" of this charge. However, Rule 401 does not require the evidence prove an element of a crime to be relevant, instead it must have a tendency to make a fact of consequence more or less probable. N.C. Gen. Stat. § 8C-1, Rule 401.
The items found inside the trunk of the car were consistent with items used in robberies. See State v. Rawls , 70 N.C. App. 230, 319 S.E.2d 622 (1984) (Halloween mask was used during a robbery); State v. Buckner , 242 N.C. 198, 464 S.E.2d 414 (1995) (robber wore camouflage and ski mask). The trial court found this evidence was circumstantial and probative of the events that had occurred earlier that evening. Items consistent with robbery, especially in combination with the earlier events of Defendant walking around a car with the witnesses Boykin and Ormond inside and allegedly pulling out a gun, tend to show motive. The trial court did not err when it admitted the evidence as relevant. Defendant has failed to show any error, let alone prejudicial error. See Miles , 222 N.C. App. at 607, 730 S.E.2d at 827 ("When the trial court excludes evidence based on its relevancy, a defendant is entitled to a new trial only where the erroneous exclusion was prejudicial"). Defendant's arguments are overruled.
2. Rule 404(b)
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person[.]" N.C. Gen. Stat. § 8C-1, Rule 404(b) (2017). This evidence is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, [or] identity[.]" Id.
Our Supreme Court has held that Rule 404(b) is "a clear general rule of inclusion of relevant evidence of other crimes, wrongs, or acts by a defendant [.]" State v. Coffey , 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990) (emphasis original). In Coffey , the Supreme Court recognized admission of evidence under Rule 404(b) is "subject to but one exception requiring its exclusion if its only probative value is to show that the defendant has the propensity or disposition to commit an offense of the nature of the crime charged." Id. (emphasis original). Defendant contends the evidence of the items found in the trunk and Officer Rivera's statements were inadmissible as "nothing less than propensity evidence of other crimes."
The trial court found both the items inside the trunk and Officer Rivera's statements concerning those items as "probative of the motive for the events that occurred earlier in the evening and that it's certainly admissible as circumstantial evidence." Motive is a permissible "other purpose" to admit under Rule 404(b). However, Defendant contends that this was error, because the State did not charge him with any type of robbery offense.
Earlier in the evening, the witnesses, Boykin and Ormond, had seen a man with a gun circling their car and displaying a firearm. Later one of the witnesses identified that man as Defendant. Though Defendant did not attempt to rob the individuals, nor was he charged with robbery, the trial court could properly conclude the items inside the trunk could be relevant circumstantial evidence of motive. See State v. Adams , 220 N.C. App. 319, 327, 727 S.E.2d 577, 583 (2012) ("It is not required that evidence bear directly on the question in issue.") (quoting State v. Riddick , 316 N.C. 127, 137, 340 S.E.2d 422, 428 (1986) ).
The evidence in the trunk was properly admitted to present a motive for the events that occurred earlier in the evening. Defendant's Rule 404(b) arguments are overruled.
3. Rule 403
Rule 403 provides relevant evidence may be excluded in certain circumstances "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2017). "Evidence which is probative of the State's case necessarily will have a prejudicial effect upon the defendant; the question is one of degree." Coffey , 326 N.C. at 281, 389 S.E.2d at 56.
Defendant relies heavily upon State v. Patterson , 59 N.C. App. 650, 297 S.E.2d 628 (1982), and State v. Samuel , 203 N.C. App. 610, 693 S.E.2d 662 (2010), to support his argument that evidence regarding items found in the trunk was prejudicial. We review both cases in turn.
During cross-examination of the defendant in Patterson , the prosecutor brought out evidence of a sawed-off shotgun being found in the car in addition to the pistol identified by the robbery victim. Patterson , 59 N.C. App. at 652, 297 S.E.2d at 630. No evidence connected the shotgun to the robbery with which the defendant was charged. Id. This Court ruled that evidence of a shotgun was improperly admitted because "[t]he shotgun was not connected to the robbery and it was clearly not relevant to any issues in the case." Id. at 653, 297 S.E.2d at 630.
In Samuel , this Court found plain error had occurred where the trial court had allowed evidence of a gun found in the defendant's home, which had no connection to the robbery charged and did not match the victims' description of the gun used in the robbery. 203 N.C. App. at 624, 693 S.E.2d at 671.
In the present case, the clothing found in the trunk was not admitted for its tendency to show Defendant had committed a robbery, but as evidence to support the probability of Defendant possessing a firearm. The discovery of the evidence in the trunk formed part of the basis for the officers to continue their search for the gun they subsequently found.
We can further distinguish the facts of the present case from those in Patterson and Samuel . "In both of those cases, we acknowledged the weakness in the State's evidence that the defendant was the perpetrator of the crime. Here, the identity of [D]efendant as the perpetrator was not in question." State v. Broussard , 239 N.C. App. 382, 388, 768 S.E.2d 367, 371 (2015). These cases cited by Defendant are unpersuasive and not determinative of the outcome here.
Reviewing the evidence in totality, the State's evidence included eyewitness testimonies of Defendant possessing and showing a gun, and Defendant driving his car with the passenger window down past the area where the gun was discovered by the dog. The trial court made a reasoned decision when it determined Defendant was not unduly prejudiced by the admission of the evidence of the items found inside the trunk and Officer Rivera's testimony regarding those items to show motive. See id. Defendant has failed to show the trial court abused its discretion by admitting this Rule 404(b) evidence under Rule 403.
V. Admissibility of Officer Rivera's Statements on Credibility
Defendant argues it was plain error for the trial court to admit Officer Rivera's testimony regarding Boykin's credibility. Defendant argues the evidence was irrelevant under Rules 405, 602, 701, and 702, was inadmissible vouching for State witness Boykin's credibility, and requires a new trial.
A. Standard of Review
Defendant failed to object to Officer Rivera's statements on Boykin's credibility at trial. "Unpreserved error in criminal cases ... is reviewed only for plain error." State v. Lawrence , 365 N.C. 506, 512, 723 S.E.2d 326, 330 (2012). Defendant bears the burden of showing that the unpreserved error "rises to the level of plain error." Id. at 516, 723 S.E.2d at 333.
In order for a defendant to prove plain error, he or she must show that a fundamental error occurred and establish prejudice. Id. at 518, 723 S.E.2d at 334. The defendant must show that "the error had a probable impact on the jury's finding that the defendant was guilty." Id. (citations and quotation marks omitted).
B. Analysis
Defendant contends the trial court committed plain error by admitting Officer Rivera's statements concerning Boykin. Officer Rivera testified that after he arrived at the scene, Boykin said, "He's got a gun. He's got a gun," and he "realized that they were the victims." In response to a question asking about Boykin's demeanor, Officer Rivera responded, "She was very excited. You could tell she was, frankly, somebody who was scared and definitely something traumatic had happened."
After testifying about how Boykin had described the gun to him, Officer Rivera stated: "In my twenty-plus years of experience, most people, when they describe a firearm, they'll describe it as one solid color. The fact that she said that she mentioned it was some black on it, that made me believe that, okay ... she really did see a firearm." Defendant asserts all of these statements are improper attempts to bolster Boykin's credibility as the State's witness.
"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has had personal knowledge of the matter." N.C. Gen. Stat. 8C-1, Rule 602 (2017). Defendant contends Officer Rivera did not have personal knowledge of whether Boykin saw a weapon, whether Boykin and Ormond were victims, or whether something traumatic had happened to them.
Defendant cites State v. Cox for the proposition that "testimony of a witness must ordinarily be confined to matters within his own knowledge and observation and may not include matters beyond his personal knowledge." 296 N.C. 388, 391, 250 S.E.2d 259, 261 (1979). Here, Officer Rivera described his personal observations about the witnesses, their statements to him, and what occurred once he arrived in response to the 911 call. We reject Defendant's argument that the evidence was inadmissible under Rule 602.
Defendant contends Officer Rivera's testimony was not helpful to the determination of a fact in issue required by Rules 701 and 702. N.C. Gen. Stat. § 8C-1, Rule 701 (governing the admissibility of opinion testimony by a lay witnesses); N.C. Gen. Stat. § 8C-1, Rule 702 (prescribing permissible expert testimony). Officer Rivera was not tendered as an expert witness by the State. However, Officer Rivera's statements are observations and opinions based upon his experience and background. As discussed previously, this Court has upheld such lay opinion officer testimony. See Howard , 215 N.C. App. at 325, 715 S.E.2d at 578.
Finally, Defendant contends Officer Rivera's statements were improperly admitted, as Rule 405 prevents admitting "[e]xpert testimony on character or a trait of character ... as circumstantial evidence of behavior." N.C. Gen. Stat. § 8C-1, Rule 405 (2017). However, Officer Rivera was never tendered as an expert, nor was there any argument he was being treated as such at trial. Defendant's argument is overruled.
The trial court did not commit plain error by admitting Officer Rivera's statements regarding Boykin.
VI. Timeliness of State's Written Notice to Prove Sentencing Factor
Defendant asserts he is entitled to a new sentencing hearing. Defendant contends the State failed to provide adequate notice of its intent to prove the existence of the aggravating factor at least thirty days before trial in violation of N.C. Gen. Stat. § 15A-1340.16(a6) (2017). We agree.
N.C. Gen. Stat. § 15A-1340.16(a6) requires the State to
provide a defendant with written notice of its intent to prove the existence of one or more aggravating factors under subsection (d) of this section or a prior record level point under G.S. 15A-1340.14(b)(7) at least 30 days before trial or the entry of a guilty or no contest plea. A defendant may waive the right to receive such notice. The notice shall list all the aggravating factors the State seeks to establish.
Id. "The statute ... clear[ly] [states] unless defendant waives the right to such notice, the State must provide defendant with advanced written notice of its intent to establish .. any of the twenty aggravating factors listed in N.C. Gen. Stat. § 15A-1340.16(d) [.]" State v. Snelling , 231 N.C. App. 676, 682, 752 S.E.2d 739, 744 (2014). "The trial court shall determine if the State provided defendant with sufficient notice or whether defendant waived his right to such notice." Id.
Without evidence of sufficient notice by the State, or waiver by the defendant, sentencing in violation of N.C. Gen. Stat. § 15A-1340.16(a6) is error. See id. ; see also State v. Crook , --- N.C. App. ----, --- 785 S.E.2d 771, 781 (2016) (finding prejudicial error in the defendant's sentence where the trial court "did not determine that the State had provided notice of its intent to prove defendant committed the crimes charged while on probation, parole, or post-release supervision" and there was no evidence the defendant waived notice).
The record shows the State gave notice of its intent to prove the aggravating sentencing factor on 24 August 2016 and the trial began on 29 August 2016, a failure to provide the required statutory notice to Defendant. Nothing in the record indicates Defendant waived such notice. We vacate Defendant's sentence and remand for a new sentencing hearing. See Snelling , 231 N.C. App. at 683, 752 S.E.2d at 744.
VII. Criminal Contempt as Prior Conviction
Defendant argues he is also entitled to a new sentencing hearing because the trial court counted a criminal contempt adjudication as a prior conviction when determining Defendant's prior record level points. We agree.
"The determination of an offender's prior record level is a conclusion of law that is subject to de novo review on appeal." State v. Bohler , 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009), review denied , --- N.C. ----, 691 S.E.2d 414 (2010). This Court can review, even without an objection, a "sentence imposed [that] was authorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." N.C. Gen. Stat. § 15A-1446(d)(18) (2017).
The State concedes the trial court erred when it counted Defendant's criminal contempt adjudication as a prior misdemeanor conviction to determine Defendant's prior record level. See State v. Reaves , 142 N.C. App. 629, 633, 544 S.E.2d 253, 256 (2001) ("we conclude the General Assembly did not intend an adjudication of criminal contempt to constitute a 'prior conviction' for sentencing purposes under [N.C. Gen. Stat.] § 15A-1340.21."). The trial court counted Defendant's prior criminal contempt adjudication as a prior Class 1 misdemeanor conviction. Due to this error, the trial court determined Defendant was a prior record level III and sentenced him at prior level III. For this additional reason, Defendant is entitled to a new sentencing hearing with the correct prior record level.
VIII. Conclusion
The trial court did not err when it admitted evidence of the items found inside the trunk of Defendant's car. The trial court did not commit plain error when it admitted, without objection, Officer Rivera's testimony about the State's witness, Boykin.
We vacate Defendant's sentence and remand for a new sentencing hearing without the aggravating factor and for the court to determine the appropriate prior record level, and enter a judgment thereon. See Snelling , 231 N.C. App. at 683, 752 S.E.2d at 744. It is so ordered.
NO ERROR AT TRIAL; REMANDED FOR NEW SENTENCING HEARING.
Report per Rule 30(e).
Judges ELMORE and ZACHARY concur.