DILLON, Judge.
*141 Daniel Joseph Clark ("Defendant") appeals from a judgment entered upon jury verdicts finding him guilty of driving while his license was revoked and driving while displaying an expired license plate registration. The question raised in this appeal is whether the trial court violated Defendant's rights under the Confrontation Clause of the federal Constitution by allowing the State to introduce certified copies of his driving record and revocation orders from the Division of Motor Vehicles ("DMV"). We find no error.
I. Background
Defendant was found guilty of driving while his license was revoked and driving while displaying an expired registration. The court sentenced Defendant to a suspended sentence and placed him on supervised probation. Defendant entered notice of appeal in open court.
*142 II. Analysis
In his brief, Defendant only argues error in his conviction for driving while his license was revoked. Therefore, any challenge to his conviction for driving while displaying an expired registration plate is waived. See N.C. R.App. P. 28.
In his sole argument on appeal, Defendant contends that the trial court erred in allowing the introduction of certain documentary evidence over his objection. The documents in question are (1) a copy of his driving record certified by the Commissioner of Motor Vehicles ("DMV Commissioner"); (2) two orders indefinitely suspending Defendant's drivers' license; and (3) a document attached to the suspension orders and signed by a DMV employee and the DMV Commissioner. In this last document, the DMV employee certified that the suspension orders were mailed to Defendant on the dates as stated in the orders, and the DMV Commissioner certified that the orders were accurate copies of the records on file with DMV.
Defendant contends that the introduction of these documents violated his constitutional right to confront and cross-examine his supposed accusers, the DMV Commissioner and the DMV employee. We disagree.
Our review is de novo. State v. Ortiz-Zape, 367 N.C. 1, 10, 743 S.E.2d 156, 162 (2013).
The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. Our resolution of the constitutional issue in the present appeal requires a brief review of several landmark United States Supreme Court decisions and the impact of those decisions on the admissibility of certain documentary evidence under our law.
The United States Supreme Court held in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that the constitutional guarantee to confrontation prohibits the introduction of testimonial hearsay unless the declarant is unavailable to testify at trial and the defendant has had a previous opportunity to cross-examine him or her. Id. at 68, 124 S.Ct. at 1374. Justice Scalia, writing for the majority, offered three, alternate formulations of the definition of "testimonial" within the meaning of the Clause: (1) "ex parte in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably *143 expect to be used prosecutorially"; (2) "extrajudicial statements contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions"; and (3) "statements ... made under circumstances which would lead an objective witness reasonably to believe that the statement would *30 be available for use at a later trial[.]" Id. at 51-52, 124 S.Ct. at 1364.
In Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009), the Supreme Court clarified that documents-however labeled-which contain declarations of fact made for the purpose of establishing that fact in a criminal trial qualify as testimonial, and a defendant has the right to confront and cross-examine a hearsay declarant who creates such a document just as he would any of his other accusers. Id. at 310-11, 129 S.Ct. at 2532. The Court noted that while "[a] clerk c[an] by affidavit authenticate or provide a copy of an otherwise admissible record," he or she cannot "create a record for the sole purpose of providing evidence against a defendant." Id. at 322-23, 129 S.Ct. at 2539 (emphasis in original).
Finally, in Bullcoming v. New Mexico, --- U.S. ----, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011), the Court confirmed that a fact attested to in a hearsay document created for the purpose of proving that fact at trial is only admissible where the defendant is afforded the opportunity to confront and cross-examine the original hearsay declarant, and this constitutional demand is not met by the affirmation in court of the original declarant's prior statement by somebody else similarly qualified. Id. at ----, 131 S.Ct. at 2713. "A document created solely for an evidentiary purpose," the Court reiterated, "made in aid of a police investigation, ranks as testimonial." Id. at ----, 131 S.Ct. at 2717 (internal marks omitted).
Our appellate courts have recognized that certain records kept by State agencies are admissible in criminal prosecutions where the record was not created in contemplation of being used in a criminal trial. See, e.g., State v. Raines, 362 N.C. 1, 17, 653 S.E.2d 126, 137 (2007) (detention center incident reports); State v. Gardner, --- N.C.App. ----, ----, 769 S.E.2d 196, 199 (2014) (GPS tracking reports). However, no reported North Carolina case has yet to address the admissibility of records created and maintained by DMV under Crawford, Melendez-Diaz, and Bullcoming. Courts in other jurisdictions, though, have held that records created and maintained by state driving license agencies as part of their regular administration and in compliance with governing law are not testimonial. See Boone v. Com., 63 Va.App. 383, 758 S.E.2d 72, 76 (2014) (Virginia Court of Appeals);
*144 State v. Kennedy, 846 N.W.2d 517, 524-25 (Iowa 2014) (Iowa Supreme Court); State v. Leibel, 286 Neb. 725, 838 N.W.2d 286, 295-97 (2013) (Nebraska Supreme Court); People v. Nunley, 491 Mich. 686, 821 N.W.2d 642, 652-53 (2012) (Michigan Supreme Court); State v. Murphy, 991 A.2d 35, 43 (Me.2010) (Maine Supreme Court). However, where the record is created by the agency for the purpose of proving a fact in a criminal trial, courts have held that the record is testimonial. See Kennedy, 846 N.W.2d at 526-27 (Iowa Supreme Court) ; State v. Jasper, 174 Wash.2d 96, 271 P.3d 876, 887 (2012) (Washington Supreme Court); Com. v. Parenteau, 460 Mass. 1, 948 N.E.2d 883, 890 (2011) (Massachusetts Supreme Court); People v. Pacer, 6 N.Y.3d 504, 814 N.Y.S.2d 575, 847 N.E.2d 1149, 1153-54 (2006) (New York Court of Appeals).
In the present case, to convict Defendant of driving while his license was revoked, the State was required to prove that he "had actual or constructive knowledge of the revocation[.]" State v. Richardson, 96 N.C.App. 270, 271, 385 S.E.2d 194, 195 (1989) (internal marks omitted). Proof of actual or constructive knowledge can be established by demonstrating compliance with N.C. Gen.Stat. § 20-48. State v. Curtis, 73 N.C.App. 248, 251, 326 S.E.2d 90, 92 (1985). N.C. Gen.Stat. § 20-48 provides, in relevant part:
Whenever the Division is authorized or required to give any notice under this Chapter or other law regulating the operation of vehicles, ... such notice shall be ... by deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the Division.... Proof of the giving of notice in either such manner may be made by a notation in the records of the Division that the notice was sent to a particular address and the purpose of the notice.
N.C. Gen.Stat. § 20-48 (2012).
To prove that Defendant's license was revoked and that he knew it was revoked, *31 the State moved to admit Defendant's driving record, the document attached to the orders indefinitely suspending his license, and the orders themselves. The bottom of each page of the driving record bears the following certification:
I certify that the foregoing is a true copy of the driving record of the within named person on the file in the Driver License Section of the N.C. Division of Motor Vehicles.
Signed /s/Kelly J. Thomas/s/ Commissioner of Motor Vehicles
*145 The document attached to the suspension order contained a similar certification by the DMV Commissioner. The DMV employee's attestation to mailing the suspension order stated as follows:
I certify that I am an employee of the North Carolina Division of Motor Vehicles, and that the original of attached document was deposited by me in the United States mail on the mail date of the attached order in an envelope, postage paid, addressed as appears thereon, which address is shown by the records of the Division as the address of the person named on the document.
Signed /s/ Luann Garrett /s/
EMPLOYEE N.C. DIVISION OF MOTOR VEHICLES
Thus, while hearsay, the portions of the documents certifying their accuracy and attesting that the suspension orders were sent to Defendant prior to the offense date of his charge constitute substantive evidence of his commission of the offense. However, none of these records were "create[d] ... for the sole purpose of providing evidence against a defendant." Melendez-Diaz, 557 U.S. at 323, 129 S.Ct. at 2539. Instead, the records were created by DMV during the routine administration of its affairs and in compliance with its statutory obligations to maintain records of drivers' license revocations and to provide notice to motorists whose driving privileges have been revoked. See N.C. Gen.Stat. §§ 20-26(a), -48 (2012). As the Supreme Court explained in Melendez-Diaz, "records ... created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial ... are not testimonial." 557 U.S. at 324, 129 S.Ct. at 2539-40. Therefore, we hold that the records in the present case are non-testimonial. Accordingly, this argument is overruled.
III. Conclusion
We hold that the copy of the driving record, the document authenticating the suspension orders and stating that it was mailed to the person named in the orders, and the two orders indefinitely suspending Defendant's license, are non-testimonial. Therefore, the admission of this evidence without accompanying testimony did not violate Defendant's right to confrontation.
NO ERROR.
Judges ELMORE and GEER concur.